State v. Bedell.

STATE OF MISSOURI, Respondent, v. WILLIAM BEDELL, Appellant.

Kansas City Court of Appeals, April 15, 1889.

Practice : WHEN GENERAL VERDICT IS ERROR. It is the settled rule in criminal, as well as civil, actions, that a general verdict for the plaintiff is improper where several distinct causes of action are joined in the indictment or petition, as it cannot be determined to which of the counts it applies ; and such verdict is only permissible where the different counts are simply different statements of the same cause of action.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

GILL, J.—The defendant has appealed from a judgment on a verdict of guilty on an indictment containing five counts. There was no bill of exceptions filed in the lower court, nor any abstract in this court. We are only called upon then to examine the "record proper," and thereby determine if any errors were committed.

The counts of the indictment may be thus classed : In numbers 1 and 2, defendant is charged with selling intoxicating liquors of various kinds, in quantities of one pint, without having a license as a dramshop keeper. In count number 3 he is charged with selling intoxicating liquors on Sunday in violation of the statute, etc. In count number 4, that being a merchant, he sold intoxicating liquors in quantities of one pint and suffered the same to be drunk on his premises, without having a dramshop license, and in number 5, defendant is charged with selling liquors without having taken an oath and giving bond that he would not mix

or adulterate the liquors sold, or offered for sale in violation of the statute, etc.

The record shows a trial had on this indictment of five counts, for these various offenses, and the jury rendered the following verdict; "We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at a fine of fifty dollars," and upon this, a judgment was entered.

It was error in the trial court to receive this general verdict on this indictment, containing, as it does, charges of not less than three different and separate offenses, and with as many different punishments. By the first and second counts defendant was charged with a violation of the dramshop law, in selling liquors without license as a dramshop keeper, to which a punishment is affixed of not less than forty nor more than two hundred dollars. By the third count he is charged with selling on Sunday, contrary to the statute in that behalf provided. By the fourth count the defendant is charged that, being a licensed merchant, he sold intoxicating liquors in quantities of a pint, etc., to be drunk on his premises without a dramshop license therefor, with a punishment attached thereto of not exceeding fifty dollars for each offense, and by the fifth count another distinct offense is charged, in that defendant sold intoxicating liquors without having taken the oath and executed the bond not to adulterate, etc., as provided for by section 1601, *et seq.*, Revised Statutes, 1879, wherein a punishment is provided of fifty to five hundred dollars.

It seems to be the settled rule in criminal, as well as civil, actions that a general verdict for the plaintiff is improper where several distinct causes of action are joined in the indictment, or petition, as it can't be determined to which of the counts it applies. *Bricker v. Railroad*, 83 Mo. 391–394, and authorities there cited ; 2 Thomp. Trials, sec. 2640, *et seq.*, and authorities cited in note 3, page 2002.

A general verdict will only be permissible when the different counts in the indictment or petition are not different causes of action, but simply *different statements of the same cause of action.* Thomp. Trials, sec. 2641; *Brady v. Connelly,* 52 Mo. 19; *State v. Pitts,* 58 Mo. 556.

The case at bar comes under the former, and not the latter, class of cases, and hence it was error to receive such general verdict, and the judgment, therefore, of the trial court, will be reversed. The other judges concur.