STATE OF MISSOURI, Respondent, v. THORNTON L. BROWN *et al.*, Appellants.

St. Louis Court of Appeals, April 21, 1896.

1. **Criminal Law**: INFORMATION FOR MAINTENANCE OF PUBLIC NUISANCE. An information for the maintenance of a public nuisance charged that the alleged nuisance was maintained to the great damage and common nuisance, not only of parties named therein as complainants, but also of all people then and there lawfully being and residing. *Held*, that this was equivalent to charging that the nuisance was an annoyance to a portion of the inhabitants of the state, and that the information was, therefore, sufficient.

2. ————: GENERAL FINDING ON SEVERAL COUNTS: EFFECT OF APPEAL FROM JUSTICE'S COURT. The judgment of a justice of the peace in a criminal proceeding is invalid, when the information contains several counts for distinct offenses and his finding is general. But this ground of objection is removed by an appeal from the judgment, since such appeal transfers the cause to the appellate court for trial *de novo* and upon its merits.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*O. J. & R. Lee Mudd* for appellants.

*F. A. Heidorn*, prosecuting attorney, and *John R. Warfield* for respondent.

BOND, J.—This is a prosecution in two counts for a nuisance. The defendants were convicted before the

justice, who rendered the following judgment: "The justice, having heard all the evidence, finds the defendants guilty on either of the counts as they stand charged in the complaint, and assess their fine $25 each of the defendants. It is, therefore, considered that the defendants do pay to the state of Missouri the sum of $25, the fine so assessed against them by me, together with the costs of this prosecution." They appealed to the circuit court, where upon a trial, a jury being waived, they were convicted on the first count of the information, the state having elected to stand on that count. No motion for new trial was filed. A motion in arrest was filed, after the overruling of which defendants appealed to this court.

The failure of defendants to file a motion for new trial relieves us from considering the assignment of error based on the alleged insufficiency of the evidence to support the finding, and restricts our inquiry to errors arising upon the record proper. As to these, defendants allege that the count of the information under which they were convicted does not charge any offense. The count in question is framed under section 3851 of the Revised Statutes of 1889, which is to wit: "Every person who shall erect or maintain any public nuisance not specified in the four next preceding sections, to the annoyance or injury of any portion of the inhabitants of this state, shall be deemed guilty of a misdemeanor."

It is objected to this count that it does not aver that the persons alleged to have been damaged were *inhabitants* of the state, and also that it uses the words "great damage and common nuisance," instead of "annoyance or injury," in describing the effect of the acts complained of. The count in question, omitting formal parts and the allegations of venue, is as follows: "That the said Thornton L. Brown and William S.

Thompson, on the days and times, and during the period aforesaid, willfully and unlawfully did deposit, place and store, and cause and permit to be deposited, placed and stored, in, about and upon the certain building, buildings and premises, known and designated as the 'Crystal Soap Works,' and then and there used and occupied by said Thornton L. Brown and William S. Thompson, and the premises adjacent thereto, large quantities of garbage, offal and other filth, in a decomposing, malodorous and stenchy condition, and there render the same; whereby divers noisome and unwholesome smells from the said garbage, offal and other filth, so decomposing as aforesaid, and from the rendering of the same, then and on said other days and times did arise; so that the air was then and on the said other days and times then (there) greatly corrupted and infected; to the great damage and common nuisance, not only of the said August Rediger, William F. Krueger and other complainants, but all the people there lawfully being and residing, and going and returning and passing over and along said public road and highway; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

These averments show there is no merit in either of the points made as to the insufficiency of the count. While the term "inhabitants" is not employed, yet it is alleged that the injury complained of was suffered by certain named parties and "*all the people there lawfully being and residing.*" This latter phrase is fully equivalent to the term "inhabitants," when restricted to the locality in question.

The second contention is equally untenable. The expression "to the great damage and common nuisance" is certainly equivalent to the term "annoyance," which is one of the statutory disjunctives employed in the

description of the injury. The count in question is substantially like the form given for a proceeding under this section. Kelly's Criminal Law Practice, section 981. And the phrase "to the great damage and common nuisance" is the exact one approved in 2 Bishop on Criminal Procedure [3 Ed.], section 862.

The only remaining point made by defendants is as to the refusal of the trial court to sustain a motion to dismiss, based on the fact that in the justice's court a general judgment was rendered on both counts, and only a single fine assessed. It is well settled in criminal, as well as civil cases, that a general finding for the plaintiff is improper where several distinct causes of action are united in the indictment or petition. *State v. Bedell*, 35 Mo. App. 551. As two distinct nuisances were charged in two counts of the present information, the general judgment of the justice was invalid, but the defendants did not see proper to stand upon the invalidity of the judgment of the justice and resort to other means than an appeal to prevent its enforcement. By taking their appeal to the circuit court the prosecution was transferred to that tribunal to be tried anew and upon its merits. Revised Statutes, 1889, sections 4362–4366. Hence, all the errors in the proceeding before the justice were immaterial.

The judgment herein is affirmed. All concur.