State v. Jackson.

THE STATE OF MISSOURI, Respondent, v. T. B. JACKSON, Appellant.

Kansas City Court of Appeals, November 1, 1897.

Criminal Procedure: DISTINCT OFFENSES: GENERAL FINDING: DRUG-GIST. An indictment in one count charged defendant with selling liquor as a druggist without a prescription. In another count as selling without a license as a dramshop keeper. There was a general finding of guilty. *Held*, error, since a general finding on several counts charging altogether separate and distinct offenses is bad.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*William D. Hamilton* and *Boyd Dudley* for appellant.

It is the settled rule in criminal as well as civil actions that a general verdict for plaintiff is improper where several distinct and independent offenses defined by different statutes with different punishments are joined in the indictment, as it can not be determined to which of the counts it applies. *State v. Bedell*, 35 Mo. App. 551; *Bricker v. R. R.*, 83 Mo. 391; 2 Thompson, Trials, sec. 2640, *et seq.*, and authorities in note 3, page 2002.

*Edward C. Crow* for respondent.

The objection that the verdict is not good comes too late now. If the defendant does not request a verdict upon each count of an indictment in case of a misdemeanor where separate offenses are charged, he thereby waives the right to have such a verdict, and a

general verdict is good. *State v. Basseman*, 54 Conn. 86; Thompson on Trials, sec. 2640.

ELLISON, J.—Defendant was tried and convicted in the Daviess circuit court on an indictment containing two counts—one charging him to be a druggist and pharmacist and selling intoxicating liquor without a prescription, while the other charges him generally, as selling without having a license as a dramshop keeper or other authority to sell. The trial was before the court without a jury and a general finding that the defendant was guilty was made without specifying which count. This was erroneous. *State v. Bedell*, 35 Mo. App. 551. In *State v. Pitts*, 58 Mo. 556, it was said that where "several counts relate to the same transaction, and are found on different sections of the statute to meet the exigencies occurring at the trial, then a general finding, which does not exceed in the punishment which it assesses, the maximum of that specified in any section on which any count is based, will be permissible, and afford no ground for arresting the judgment based thereon." But this language must not be understood as meaning that a general finding may be had on several counts charging altogether separate and distinct offenses. In the present case the offenses charged are not only wholly distinct and the punishments radically different, but the charge in one count alleges defendant to have acted in a capacity, in doing the act, which is different from that charged in the other count, the difference in the capacity alone in which the act was done making a different offense. The judgment will be reversed and cause remanded. All concur.