# THE STATE v. JAMES FAWCETT, *alias* BUD FAWCETT, Appellant.

## Division Two, June 16, 1908.

1. **MOTION FOR NEW TRIAL: Not Within Term.** A motion for a new trial filed within four days after the verdict was rendered, but not during the term at which it was returned, cannot be considered either by the trial court or the Supreme Court. So that where the verdict was returned on the 29th day of May and the court adjourned in course on May 31st, a motion for a new trial filed in vacation on June 1st, was not filed within time, and no part of defendant's bill of exceptions can be considered on appeal.

2. ———: ———: **Filed in Vacation: Criminal Cases.** Those parts of sections 2689 and 2692, Revised Statutes 1899, which seem to authorize the filing of motions for a new trial and in arrest of judgment in vacation of court, are incapable of enforcement and are therefore void. Moreover, they are not, when so construed, in harmony with section 803, but when construed in connection with that section, as they should be, they mean that motions for a new trial and in arrest shall be filed within four days after trial, if the term shall so long continue, and if not, then before the end of the term. [Following State v. Brown, 206 Mo. 501.]

3. ———: ———: **Statutory Construction: Absurd Results.** The presumption is that the Legislature never intended to enact an absurd law incapable of being enforced. In such case, the reason of the law prevails over its letter, and general terms are so limited in their application as not to lead to injustice, oppression or absurd consequences, the presumption being that the Legislature intended no such anomalous results.

4. ———: ———: **Record Proper: Fraudulent Voting.** Where the motions for a new trial and in arrest were not filed during the term at which the verdict was returned, there is nothing before the appellate court for consideration except the record proper, and where it is free from error, as it is in this case, where defendant was properly charged with feloniously impersonating a voter at a city election, the judgment will be affirmed.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*N. P. L. Rosch* for appellant.

(1) The motion to quash the indictment should have been sustained: (a) Because it does not allege in said indictment that appellant was not Fred Fink, and because it does not allege that appellant voted "by" impersonating Fred Fink, but it alleges that he did impersonate Fred Fink "and" voted. (b) Because count one of said indictment charges more than one offense. R. S. 1899, secs. 2114, 7178, 7261; Laws 1903, sec. 2120k, p. 155. (2) The motion made by defendant at the close of the State's case, to instruct the jury that under the charge, law and evidence they must acquit appellant, should have been sustained, because the evidence on the part of the State (a) did not show that the appellant was not the person whom he is charged with having impersonated, to-wit, Fred Fink; (b) because the State failed to prove that the person alleged to have been impersonated, to-wit, Fred Fink, was alive and living on the second day of April, 1907, as alleged. State v. Shelley, 166 Mo. 616; State v. Nolan, 168 Mo. 446; State v. O'Brien, 168 Mo. 404; State v. Dale, 141 Mo. 284. (3) (a) The court erred in its instruction to the jury by declaring that "the State of Missouri charges the defendant, James, alias Bud Fawcett, with the offense of falsely impersonating another person and voting." The court states here parts of several offenses under the laws of the State of Missouri, with none of which the defendant is charged. (b) Instruction two is erroneous, because it is not predicated upon the evidence, and because the jury are not required by said instruction to find that the defendant is not Fred Fink.

*Herbert S. Hadley,* Attorney-General, and *F. G. Ferris,* Assistant Attorney-General, for the State.

(1) While the motion for new trial was filed within four days after the return of the verdict, it was not

filed before the end of the term; and, therefore, it was not filed in time. The parts of sections 2689 and 2692 of the Revised Statutes which seem to authorize the filing of motions for new trial and in arrest in vacation of court, are incapable of enforcement because the clerk could only make the record entry of the filing while the court was in session, and they are therefore void. But if these sections be construed, as they should be, with section 803 of the Revised Statutes, which provides that motions for new trial and in arrest shall be filed within four days after trial, if the term shall so long continue, if not, then before the end of the term, then they are readily understood, and are operative; otherwise, not. State v. Brown, 206 Mo. 501. Section 2689 of our statutes provides that the motion for new trial shall be ''filed before judgment, and within four days after the return of the verdict or finding of the court.'' The motion, therefore, if not filed before judgment, is not in time, although the judgment may be entered within four days after the return of the verdict. The statute thus makes provision for entering judgment and adjourning court for the term before the four days have lapsed and before a motion for a new trial has been filed. The motion cannot be filed in vacation, for the reasons and on the authority above given. The statutes does not require the court to remain open for four days after verdict. To require that, would be to require in some cases, as in this case, the court to remain in session beyond the time set by law for the end of the term. ''The presumption is that the Legislature never intended to enact an absurd law incapable of being intelligibly enforced.'' The motion for new trial not having been made and filed within the time prescribed by law, there is nothing before this court for review except the record proper. State v. Maddox, 153 Mo. 471; State v. Marshall, 36 Mo. 400. (2) The indictment

is based on section 2120k of the Act of March 24, 1903, Laws 1903, page 159. It follows the language of the statute and sets forth all the facts necessary to constitute the offense charged, and is sufficient. State v. Fielder, 210 Mo. 188. (3) Although the indictment alleged that Fred Fink, the person impersonated, was living on the day of election, it was not material or necessary to prove that fact on the trial. State v. Fielder, supra.

FOX, P. J.—This cause is brought to this court by appeal on the part of the defendant from a judgment in the circuit court of the city of St. Louis, convicting him of the offense of feloniously impersonating another person and voting at an election held in the city of St. Louis.

The grand jury impaneled in the circuit court of the city of St. Louis at the April term, 1907, of said court, returned into court on the 10th day of May, 1907, an indictment charging the defendant with the offense of feloniously impersonating another person and voting at a general election in one of the voting precincts of the city of St. Louis. Before proceeding to trial the defendant filed a motion to quash the indictment, which was by the court overruled.

The trial was commenced on May 29, 1907, and upon said trial it was admitted by the defendant that on the 2d day of April, 1907, in the city of St. Louis, in the State of Missouri, and in each ward and election precinct of said city, a general election was held pursuant to the Constitution and laws of the State of Missouri for the choice and election of certain city officers of said city, and that the voting place of the sixth election precinct of the Fourth ward was at No. 402 North Eleventh street, and that James C. Sleeper, M. Siebalski, J. E. McLaughlin and Harry Vinton were the duly appointed, qualified and acting

judges, and John C. Palamaris and J. F. Buttrey were the duly appointed, qualified and acting clerks of election for said precinct on said election day at said polling place, all as charged in the indictment.

The State introduced evidence tending to prove that one Fred Fink, in February, 1907, and for several years prior thereto, resided at 1122 Locust street in said election precinct, and that his name on said election day appeared on the official registers and books of registration of said election precinct and purported to be the name of a duly registered voter and elector of said precinct, but that said Fred Fink, about the last of February, 1907, moved from said No. 1122 Locust street. No witness testified to having seen him after the last week in February, 1907. It was shown by the poll books, however, that the name Fred Fink was twice voted at said polling place in said precinct in said election. At about nine o'clock on said election day defendant appeared at said polling place before said election judges and clerks, gave his name as Fred Fink, and his residence as No. 1122 Locust street, which residence number was the same as appeared on the official registration books as the residence number of Fred Fink. He was asked by Mr. Sleeper, a judge of election having in charge the registration books containing the name and description of legal voters of said precinct, to sign his name for the purpose of comparing his signature with Fred Fink's signature on the registration book, whereupon the other judges said his signature was not necessary, and he refused to sign his name. Defendant received official ballots from the election judges, retired to a voter's booth, prepared his ballot and gave it to one of the receiving judges. To the receiving judges he again stated that his name was Fred Fink. A receiving judge inquired of the clerks of the election Fred Fink's number, which was given as 32, and the defendant's ballot was num-

bered "32" and deposited in the ballot box, whereupon defendant went out of the polling place. These facts were testified to, in the main, by police officers Kohrs and Lane, who knew defendant, and were in the polling place at the time, and by Mr. Sleeper, judge, and Mr. Palamaris, clerk. Officer Kohrs followed defendant to the street and asked him what he was doing, and he replied, "You know," whereupon the officer told him that did not go, and arrested him. Defendant then stated that he had been voting in his own name. About one hour later, in a conversation with officer Joyce, defendant said he had voted at said polling place in said precinct, but in his own name, Fawcett. It also appeared in evidence that later in the day at the said polling place in said election another ballot, numbered 64, was cast in the name of Fred Fink, but no witness testified that he knew who cast it, or that it was Fred Fink who cast it. The name James Fawcett appeared on said registration books as a voter, but no voter giving that name voted that day.

At the close of the State's case defendant moved the court to direct the jury that under the law, indictment and evidence, they must acquit the defendant, which motion was by the court overruled.

On the part of the defendant James E. McLaughlin, election judge, and J. F. Buttrey, election clerk, testified that defendant did not vote at all at said election—that they saw him in said polling place, but he passed out without voting. Charles E. Baird, a challenger, testified that defendant gave his name to Mr. Sleeper as Fawcett, but he did not know whether he voted. The defendant did not testify in his own behalf upon the trial of this cause.

At the close of the evidence the court instructed the jury upon the law of the case applicable to the facts developed at the trial. The cause was submitted to the jury upon the testimony and the instructions of

the court and they returned a verdict finding the defendant guilty as charged in the indictment and assessed his punishment at imprisonment in the penitentiary for a term of three years. And afterwards, on the 31st day of May, 1907, it being the April term of said court, the court, having ordered that all causes and motions not otherwise disposed of be continued to the next term of court for want of time to try, hear and determine the issues, the court adjourned to court in course. And afterwards,' on the first day of June, 1907, and during the vacation of said court and within four days after May 29, 1907, the day of the return of the verdict into court by the jury, the defendant filed his motion for a new trial. And afterwards, at the June term of said court, on the 6th day of June, 1907, the defendant filed his motion in arrest of judgment, and on the same day the court overruled defendant's motion for a new trial and motion in arrest. On the 24th day of June, 1907, the court, in accordance with the verdict of the jury, duly sentenced the defendant, and judgment accordingly was entered of record. From this judgment the defendant in due time and proper form prosecuted this appeal, and the record is now before us for consideration.

## OPINION.

At the very threshold of the consideration of this cause we are confronted with the proposition as to whether or not there is anything for review except the record proper. We have indicated in the statement of this cause the disclosures of the record, and it there plainly appears that this cause was tried at the April term, on the 29th day of May, 1907, and the verdict returned upon that date. The April term ended by reason of an order entered of record on the 31st day of May, adjourning the April term to court in

course. The record clearly discloses that there was neither a motion for a new trial nor one in arrest of judgment filed in this cause during the April term, but it is disclosed that on the first day of June, in vacation, there was a motion for new trial filed, which was afterwards, at the succeeding term of court, passed upon by the circuit court of the city of St. Louis.

In order to have preserved the action of the court upon matters occurring during the progress of the trial it was absolutely essential for the defendant to file his motion for a new trial before such term ended. While it is true that his motion for new trial was filed within four days after the return of the verdict, but at the time of the filing of the motion for new trial the term was ended, hence it was improperly filed and the trial court had no authority whatever to pass upon such motion.

In the recent case of State v. Brown, 206 Mo. 501, Judge Burgess reviewed the provisions of the statute applicable to filing motions for new trial and in arrest of judgment in both civil and criminal cases, and it was expressly ruled in that case that the parts of sections 2689 and 2692, Revised Statutes 1899, which seem to authorize the filing of motions for a new trial and in arrest in vacation of court, are incapable of enforcement and therefore void; moreover, it was expressly announced in that case that if these sections be construed, as they should be, with section 803, Revised Statutes 1899, which provides that motions for new trial and in arrest shall be filed within four days after trial, if the term shall so long continue, if not, then before the end of the term, then they are readily understood and are operative, otherwise not. In further treating of this subject one of the well-recognized rules applicable to it was approved, that is, " 'the presumption is that the Legislature never intended to enact an absurd law incapable of being intelligently

enforced.' [Bingham v. Birmingham, 103 Mo. l. c. 352; Railroad v. Brick Co., 85 Mo. 307; State v. Bulling, 100 Mo. 87; Ex parte Marmaduke, 91 Mo. 228.] 'In such cases the reason of the law prevails over its letter, and general terms are so limited in their application as not to lead to injustice, oppression, or an absurd consequence, the presumption being that the Legislature intended no such anomalous results.' [Ex parte Marmaduke, supra.]'' Following this, after a careful and thorough consideration of the subject, the final conclusion was announced in the case wherein it was stated that ''there is no good reason why the statutory provisions governing the time of the filing of motions for new trial and in arrest should not be the same in criminal as in civil cases.'' In that case, however, owing to the peculiar disclosures of the record, by which it was shown that without any fault upon the part of the appellant he was deprived of an opportunity of filing his motion for a new trial, the cause was reversed and remanded. There is nothing appearing in this record which in any way indicates that the appellant from the 29th day of May, when the verdict was returned, did not have ample time and opportunity before the term was adjourned on the 31st of May, to file his motion for new trial and in arrest of judgment. If the clear announcement of the rule in the Brown case is to be followed, then there is no escape from the conclusion that the motion for new trial, as well as the motion in arrest of judgment in this cause, were filed out of time and the court had no authority to pass upon such motions at a subsequent term. If the motions had been filed before the term adjourned, and by the order of adjournment carried over to the succeeding term, then of course the court would have had full authority to have acted upon such motions, because they were filed within the time prescribed by the statute.

212 St p-

Entertaining these views, there is nothing before us except the record proper. We have carefully analyzed the charge and the manner and form of making it, as embraced in the indictment, and find that it substantially charges the offense condemned by section 2120k of the Act of March 24, 1903 (Laws 1903, p. 159), of which defendant was convicted, and the charge is made in substantially the same form as has heretofore met the approval of this court. [State v. Fielder, 210 Mo. 188.] It is also disclosed that the trial proceeded in regular order; the jury were properly impaneled and sworn; the verdict returned in proper form, and the sentence and judgment of the court fully complies with the requirements of the statute.

There being nothing before this court for review except the record proper, and no substantial error being disclosed in such record, the judgment of the trial court should be affirmed, and it is so ordered. All concur.