## THE STATE v. JAMES STANDLEY, Appellant.

**Division Two, December 27, 1910.**

1. **APPEAL: Motion for New Trial: After Judgment.** The statute requiring a motion for a new trial in a criminal case to be filed before judgment is mandatory; therefore, where sentence was pronounced and judgment rendered on the same day the verdict of guilty was returned, and three days thereafter but during the same term defendant filed his motion for a new trial, said motion cannot be considered on appeal, neither can the bill of exceptions, nor any matter of exception.

2. ————: **Motion in Arrest: After Judgment.** And the same is true of the motion in arrest; it, too, must be filed before judgment in a criminal case, and if that is not done it cannot be considered on appeal.

3. ————: **No Motion for New Trial or in Arrest: Record Proper.** Notwithstanding the motions for a new trial and in arrest of judgment were not timely filed, and therefore cannot be considered on appeal, the record proper can be considered, and that embraces the information, the verdict, the judgment, etc.

4. ————: **General Verdict: Two Distinct Offenses and Counts: Seduction: Carnal Knowledge.** Where defendant was charged in one count of the information with carnal knowledge of a female of previous chaste character, between the ages of fourteen and eighteen years, and in the other with seduction under a promise of marriage, a general verdict of guilty cannot stand. He was charged with, and tried for, two separate and distinct felonies, based upon different statutes, prescribing different penalties, requiring different proof, and a general verdict finding him guilty of both cannot stand.

5. ————: ————: ————: ————: **One Judgment.** And upon the return of such a verdict of guilty, a judgment reciting that defendant has been found guilty of both offenses and adjudging him guilty of both, is unauthorized, as would be a judgment adjudging him guilty of either offense, and must be reversed.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*G. Purd Hays* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) The verdict is certain, definite and responsive to the issues joined. The verdict is a good general verdict and sufficient. State v. DeWitt, 186 Mo. 70. (2) The motion for new trial was filed after judgment of sentence, and not within the time provided by the statutes of this State and the decisions of this court. Therefore, there is nothing for this court to consider in this case but the record proper. R. S. 1909, sec. 5285; State v. Pritchett, 219 Mo. 696. (3) The record proper shows that the defendant was represented by counsel, arraigned, and entered his plea of not guilty. The jury was lawfully impaneled and sworn to try the issues according to law and the evidence. The judgment of sentence is in regular form and no errors appear therein.

KENNISH, J.—The defendant, James Standley, was prosecuted in the circuit court of Christian county upon an information in two counts, the first charging the defendant with the felony of having had carnal knowledge of an unmarried female of previous chaste character, between the ages of fourteen and eighteen years; and the second, the felony of seduction under promise of marriage. Upon a trial the jury returned a general verdict finding the defendant guilty and assessed his punishment at imprisonment in the penitentiary for a term of two years. From the judgment he appealed to this court.

As shown by the record the verdict of the jury was returned on the 28th day of August, 1909, and on the same day judgment was regularly pronounced and sentence passed. Three days after judgment, to-wit, August 31, 1909, the defendant filed a motion for a new

trial, and on the 3d day of September, 1909, filed his motion in arrest of judgment.

It is provided by section 5285, Revised Statutes 1909, as follows: ''The motion for a new trial shall be in writing, and must set forth the grounds or causes therefor, and be filed before judgment and within four days after the return of the verdict or finding of the court, if the term shall so long continue; and if not, then before the end of the term, and shall be heard and determined in the same manner as motions for new trials in civil cases.''

This statute has been construed to be mandatory and under the decisions of this court the filing of a motion for a new trial after judgment will not preserve for review in this court matters of exception saved during the trial. [State v. Fraser, 220 Mo. 34; State v. Pritchett, 219 Mo. 696.]

The motion in arrest is also required to be filed before judgment, and in this case, being filed out of time, it cannot be considered. [R. S. 1909, sec. 5286; State v. Pritchett, supra; State v. Rosenblatt, 185 Mo. 114.]

Under the foregoing statutes as construed in the decisions cited we are restricted on this appeal to an examination of the record proper.

The information is in accordance with forms which have received the sanction of this court, and therefore we hold it sufficient. [State v. Knock, 142 Mo. 515; State v. Hall, 164 Mo. 528; State v. O'Keefe, 141 Mo. 271; Kelley's Crim. Law and Prac., sec. 555.]

The defendant was properly arraigned and the jury regularly impanelled and sworn to try the issues of this case.

It is contended by appellant that the verdict is insufficient to support the judgment for the reason that the jury failed to state upon which count of the information they found the defendant guilty. The verdict is a part of the record proper. It must be certain

and responsive to the charge, and therefore may be reviewed in this court even in the absence of motions for new trial and in arrest of judgment. [State v. Miller, 189 Mo. 673; State v. Cronin, 189 Mo. 663; State v. Pierce, 136 Mo. 34.] The verdict is as follows: "We, the jury, find the defendant guilty, and assess his punishment at two years in the penitentiary. Elmer Cornog, Foreman."

Upon this verdict the judgment and sentence of the court, so far as material, was as follows: "Now on this day comes the prosecuting attorney for the State of Missouri and also comes the defendant herein in person in custody of the sheriff of this county in open court, whereupon said defendant is informed by the court that he having been found guilty by jury of the crime of statutory rape and seduction under promise of marriage as charged in an information preferred against him by the prosecuting attorney of Christian county, Mo., and being now asked by the court if he had any legal cause why judgment should not be pronounced against him according to law and still failing to show such cause: 'It is therefore sentenced, ordered, adjudged by the court that the said James Standley having been convicted as aforesaid be confined in the penitentiary at Jefferson City for a period of two years from the 23d day of August, 1909,' " etc.

It thus appears in the record before us that the court adjudged the defendant guilty of both offenses charged in the information. We are confronted, therefore, with a case in which the defendant was charged with and tried for two separate and distinct felonies based upon different statutes, prescribing different penalties and in which a general verdict of guilty was returned by the jury and the defendant adjudged guilty of both offenses, though the punishment assessed was evidently for but one of the offenses charged. Can a judgment upon such a state of the record be upheld?

In the case of State v. Pierce, 136 Mo. 34, the
defendant was charged with the forgery of an instru-
ment of writing in one count of the indictment, and with
uttering the same forged instrument in a second
count. The case was submitted to the jury upon in-
structions authorizing a conviction upon either count
and the jury were told that if they found the defendant
guilty they should state in their verdict upon which
count they so found. The jury returned a verdict of
guilty and assessed the punishment at two years'
imprisonment in the penitentiary, but did not
state upon which count they found the defend-
ant guilty. Discussing the question presented by
the record in that case this court (page 40)
said: "The defendant is not represented in this
court, nor was any point made on the insufficiency of
the verdict. Nevertheless it is obviously insufficient,
and no valid judgment can be rendered upon it, be-
cause it is impossible to tell from the verdict on which
count the jury found the defendant guilty; and it is
obvious from the punishment assessed against him,
that they only intended to punish him for one of the
distinct and separate offenses charged in the indict-
ment. 'The verdict must be certain, positive, and free
from all ambiguity. It must convey on its face a definite
and precise meaning, and must show just what the jury
intended. An obscurity which renders it at all doubtful
will be fatal to it.' [3 Graham & Waterman on New
Trials, p. 1378.] Bishop says on this topic: '*Not
Responsive*—If the verdict does not find the issue pre-
sented by the record, but some other, or if silent on
some element of the offense, no valid judgment can be
recorded upon it, and it should be set aside. Or, *Un-
certain.*—If the meaning of it is uncertain—as, for
example, if it does not show which of two defendants
is meant to be convicted, or on which of two counts the
conviction is—the consequesce is the same.' [1 Bishop,
Crim. Proc. (3 Ed.), sec. 1005.] Authorities abound

on every hand announcing the same conclusion; indeed it may be said to be elementary law. [State v. Coon, 18 Minn. 518; Favor v. State, 54 Ga. 249; Day v. People, 76 Ill. 380; People ex rel. v. Whitson, 74 Ill. 20; Campbell v. Queen, 1 Cox C. C. 269; 2 Thompson, Trials, sec. 2640, and cases cited.] This point has thus been ruled in State v. Harmon, 106 Mo. 635. To the like effect is State v. Bedell, 35 Mo. App. 551.''

In the case of State v. Harmon, 106 Mo. 635, the same question was presented, and responding thereto this court (page 657) said: "In every case the jury should respond to the whole case. If a civil case, to the whole petition. If a criminal case, to every count in the indictment. They should either acquit or convict on each count. [Wilson v. State, 20 Ohio, 26; Williams v. State, 6 Neb. 334; Casey v. State, 20 Neb. 138; Bricker v. Railroad, 83 Mo. 391; State v. Bedell, 35 Mo. App. 551.]''

And in the recent case of State v. Carragin, 210 Mo. 351, after reviewing at length the decisions of this and other States upon the law applicable where the accused is tried upon an indictment charging more than one felony, this court, speaking through GANTT, J., (page 371), laid down the following rule: "From the foregoing authorities we deduce the principle that it would have been proper for the circuit court to have instructed the jury on the evidence produced in this case, after defining what would constitute a forgery of the indorsement, and uttering the same, that they might find the defendant guilty under either count of the indictment accordingly as they found the facts to be, but not upon *both,* or have required the prosecuting attorney at the close of the evidence to have elected upon which count he would ask a conviction. . . . We know of no case under our practice in which an accused may be tried and convicted of two distinct felonies except in the case of burglary and larceny, which is expressly allowed by statute.''

In accordance with the law as declared in the foregoing cases we hold that the verdict in this case is uncertain, and for that reason and because of error in the judgment, the judgment should be reversed and the cause remanded for a new trial.  It is so ordered. *Gantt, P. J.,* concurs; *Burgess, J.,* deceased since the submission of the cause.