## C. L. KEATON, Appellant, v. ELIZABETH A. WEBER, Respondent.

### Division One, March 31, 1911.

1. **ABSTRACT: No Showing of Motion in Record Proper.** Unless the abstract of the record proper shows that a motion for a new trial was filed in the circuit court, the appellate court cannot consider the exceptions, though the bill of exceptions shows both such motion and that it was filed.

2. ————: **Affidavit for Appeals: Record Matter.** The abstract of the record proper should show at what term an affidavit for an appeal was filed in the circuit court, and at what term the appeal was granted.

3. ————: **Filing of Bill of Exceptions.** The abstract of the record proper should show that the bill of exceptions was signed by the court, and a record entry showing the filing of the same.

4. ————: **Commingling Record and Exceptions.** Matters of record proper cannot properly appear in the abstract of the bill of exceptions, nor can matters of exception properly appear in the abstract of the record proper. The abstract should distinguish matters of record proper and matters of exception.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Keaton & Keaton* for appellant.

*Wammack & Welborn* for respondent.

WOODSON, J.—This suit was brought in the circuit court of Stoddard county to have the rights and interests of the parties thereto ascertained and determined to a certain tract of land, under section 650, Revised Statutes 1899. A trial was had, which resulted in a judgment for the defendant, and, after proper steps were taken, the plaintiff appealed the cause to this court.

At the threshold of the case we are met with the following motion to affirm the judgment, to-wit (formal parts omitted):

"Comes now Elizabeth A. Weber, the respondent in the above cause, and moves the court to affirm the judgment rendered by the circuit court therein, and as grounds for said motion alleges the following:

"(a). The alleged abstract of the record filed by the appellant in said cause is insufficient because of the following fatal defects:

"1. Said alleged abstract of the record does not show that any motion for a new trial was ever filed by the appellant in the circuit court.

"2. Said alleged abstract of the record does not show that appellant ever filed any affidavit for an appeal.

"3. Said alleged abstract of the record does not show that appellant was ever granted an appeal and does not show that appellant was ever granted leave to file a bill of exceptions.

"4. Said alleged abstract of the record does not show that appellant ever filed a bill of exceptions.

"5. Statements are made in the abstract of the pretended bill of exceptions that the things mentioned in paragraphs 1, 2, 3 and 4 above were done, but this is not sufficient. These are matters of record proper and must be shown in the abstract of the record proper.

"6. Said alleged abstract of the record nowhere shows that there was ever any record entry made of the filing of a motion for a new trial, or that such a motion was filed at the same term of court at which judgment was rendered.

"7. Said alleged abstract of the record does not show that there was ever any record entry made of the overruling of any motion for a new trial.

"8. Said alleged abstract of the record does not show at what term of the circuit court appellant filed

an affidavit for appeal and does not show that this was done at the same term at which the motion for a trial was overruled.

"9. Said alleged abstract of the record does not show that there was ever any record entry made of the filing of an affidavit for an appeal.

"10. Said alleged abstract of the record does not show that there was ever any record entry made granting an appeal or granting time in which to file a bill of exceptions.

"11. Said alleged abstract of the record does not show when an appeal was granted and does not show that an appeal was granted at the same term of court at which a motion for a new trial was overruled.

"12. Said alleged abstract of the record does not show that there was ever any record entry made of the filing of a bill of exceptions.

"13. Said alleged abstract of the record nowhere shows that any bill of exceptions was ever either agreed upon, allowed, signed, or in anyway identified, perfected or made to constitute a part of the record in the case.

"(b). By reason of the defects in said alleged abstract of the record, mentioned above, this court, under its rules and decisions, will do nothing but examine the pleadings, and judgment, and if the judgment is one which the court might have rendered under the pleadings, the judgment will be affirmed.

"(c). The judgment rendered in this case is such a judgment as the court could properly render under the pleadings."

The first ground for an affirmance of the judgment is well taken. The abstract of the record proper does not show that a motion for a new trial was ever filed in the circuit court. That fact, however, does appear from the bill of exceptions; but under the reported rulings of this court, such a showing as that is not sufficient. The filing of the motion must appear

from the abstract of the record proper. [Harding v. Bedoll, 202 Mo. 625; Milling Co. v. St. Louis, 222 Mo. l. c. 309; Stark v. Zehnder, 204 Mo. l. c. 449; Pennowfsky v. Coerver, 205 Mo. l. c. 136.]

The abstract of the record proper is also faulty, because it does not show at what term of the court the affidavit for an appeal was filed, or at what term the appeal was granted. The statute of the State requires the affidavit for an appeal to be filed during the term at which the judgment was rendered, and the rules of this court require those matters be abstracted. [Milling Co. v. St. Louis, supra; Harding v. Bedoll, supra; Pennowfsky v. Coerver, supra; Stark v. Zehnder, supra; Barham v. Shelton, 221 Mo. l. c. 70.]

It appears nowhere from the abstract of the record that the bill of exceptions was ever signed by the court, or that there is a record entry showing the filing of the same. Both of those matters should have been shown by the abstract. [Stark v. Zehnder, supra; St. Charles ex rel. v. Deemar, 174 Mo. l. c. 124; Harding v. Bedoll, supra; Reno v. Fitzjarrell, 163 Mo. 411.]

The contention that the abstract of the record is defective because it does not distinguish matters of exception from matters of record proper is also well taken. Matters of record proper cannot properly appear in the abstract of the bill of exceptions, nor can matters of exception properly appear in the abstract of the record proper. [Stark v. Zehnder, supra; St. Charles ex rel. v. Deemar, supra; Clay v. Publishing Co., 200 Mo. l. c. 672; Barham v. Shelton, supra; Milling Co. v. St. Louis, supra; Kolokas v. Railroad Co., 223 Mo. l. c. 461; Hays v. Foos, 223 Mo. 421; S. M. & A. R. R. v. Wyatt, 223 Mo. l. c. 351; Owen v. Mathews, 226 Mo. 77.]

Upon this state of the abstract, there is nothing properly before the court for consideration, except the petition, answer and reply, also judgment of the court.

After an examination of those matters, we find that the judgment is in proper form and is responsive to the pleadings.

Finding no error in the record proper, the judgment is affirmed. All concur, except *Valliant, J.,* absent.