ALTEN M. WALKER, Appellant, v. JOHN W. FRITZ, Respondent.

St. Louis Court of Appeals, May 7, 1912. Motion for Rehearing Overruled July 2, 1912.

1. APPELLATE PRACTICE: Abstract: Motion for New Trial: Record Proper. That a motion for a new trial was filed must appear from the abstract of the record proper, and it is not sufficient that it appears from the bill of exceptions.

2. ————: ————: ————: Necessity of Showing Timely Filing. The appellate court cannot infer that a motion for a new trial was filed at the term at which the trial was had, merely because it was filed the next day after the verdict was returned and the judgment rendered, but the abstract of the record proper must show that it was filed at the same term.

3. ————: No Motion for New Trial: Scope of Review. Where the abstract of the record proper does not show that a motion for a new trial was filed at the term at which the trial was had, the petition, answer, reply and judgment are the only matters for consideration, and, in the absence of any error therein, the court must affirm the judgment.

Appeal from Pike Circuit Court.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*Pearson & Pearson* for appellant.

*Elliott W. Major* and *John W. Matson* for respondent.

CAULFIELD, J.—Action upon a note for $5000 conceded to have been given by respondent to appellant in consideration of certain abstract books, maps, plats and insurance business sold by the defendant to the plaintiff. The defense was want and failure of consideration, in that plaintiff did not turn over to the defendant any insurance business, and in that the abstract books, maps and plats were so incomplete and so replete with errors as to be utterly worthless, con-

trary to plaintiff's warranty and contrary to his representations, which the answer alleges were false and fraudulent, etc.

The verdict and judgment were for the respondent (defendant) and the appellant (plaintiff) has appealed.

In the view we take of the abstract, it is unnecessary to set forth the pleadings or deal with the evidence. The record proper shows that the case was called for trial, both parties answered ready, and evidence was heard, on December 26, 1906, and that the verdict of the jury was returned and filed and judgment was rendered, on January 2, 1907. The judgment is set out in full. Then follows this language: "January 3, 1907—Plaintiff files his motions for new trial and motion in arrest of judgment. March 14, 1907.—Motions for new trial and in arrest of judgment are each by the court overruled." There is absolutely nothing in the record proper anywhere to show or even indicate that the motion for a new trial was filed at the same term at which the trial was had. It is not sufficient that that fact appears from the bill of exceptions. Under repeated rulings of our Supreme Court, it must appear from the abstract of the record proper. [Flanagan Milling Co. v. City of St. Louis, 222 Mo. 306, 308, 121 S. W. 112; Pennowfsky v. Coerver, 205 Mo. 135, 136, 103 S. W. 542; Harding v. Bedoll, 202 Mo. 625, 631, 100 S. W. 638; Keaton v. Weber, 233 Mo. 691, 693, 136 S. W. 342.] Nor can we infer that the motion was filed at the same term because it appears to have been filed the next day after the verdict was returned and filed and the judgment rendered. "We can take knowledge of the beginning of a term of court but not its ending. It may be in session one day or longer. . . . Neither are we required to presume that it was during the term. The abstract should so show." [Harding v. Bedoll, supra, l. c. 632.] Neither is there here, as there was in Bank

v. Hutton, 224 Mo. 42, 123 S. W. 47, and Nickey v. Leader, 235 Mo. 30, 138 S. W. 18, anything in the .abstract of the record proper, from which it may be inferred that the trial term had not been adjourned until court in course when the motion was filed. There is nothing in this abstract of the record proper from which we can see that the motion was filed at the trial term or at any term at all. Upon this state of the abstract there is nothing before us for consideration except the petition, answer, reply and judgment, and as we have been unable to discover anything therein to warrant a reversal of the judgment, and the apellant suggests nothing, it is incumbent upon us to affirm the judgment. [Keaton v. Weber, .supra, 1. c. 694; State v. Fawcett, 212 Mo. 729, 738, 111 S. W. 562.] We may say in passing, however, that it is extremely distasteful to us to have a case go off on a point like this. For that reason we adopted our Rule 33, requiring a respondent, in case he wishes to question the sufficiency of the abstract, to file his objections in writing within ten days after the abstract has been served upon him, distinctly specifying the supposed defects and insufficiencies of the abstract, and to serve a copy of such objections upon the appellant. Where respondents have failed to comply with this rule, we have, where possible, treated the supposed defects and insufficiencies as waived, and dealt with the cases on their merits. In this case, however, the respondent has met all the requirements of the rule, and we granted appellant ten days time and opportunity to amend his abstract so as to cure the defects and insufficiencies which respondent had specified, including the one under consideration, but the appellant, though amending his abstract in other respects, did not amend in this one, and left it incumbent upon us, under the decisions, to sustain the point and affirm the judgment.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.