LENA DONOVANT et al., Respondents, v. MARY RINN, Appellant.

Kansas City Court of Appeals, April 21, 1913.

1. ABSTRACT: Motion for New Trial: Record Proper. If the record proper does not show the filing of a motion for new trial, the bill of exceptions cannot be considered. That the motion is shown to have been filed by the bill of exceptions will not suffice.

2. ———: ———: ———: Bill of Exceptions: Record Proper. The record proper must show the filing of a bill of exceptions. A statement in the bill will not suffice.

Appeal from Cole Circuit Court.—*Hon. John M. Williams*, Judge.

AFFIRMED.

*Irwin & Peters* for appellant.

(1)   Plaintiffs were required to set forth all the facts in such a way as to give defendant full information so that she could properly prepare her defense. Chemical Works v. Nemnich, 169 Mo. 398; Sindway v. Land & Live Stock Co., 163 Mo. 342; Cook v. Putnam & Co., 70 Mo. 668; Saxton v. Railroad, 98 Mo. App. 494.   (2)   Plaintiff's instruction number one is erroneous in that it is not in harmony with the allegations in plaintiff's petition in this: that it fails to require the jury to find that the reward offered, if any was offered, was of a public nature and directed to all persons.   The instruction requires the jury to find that the reward was offered "orally, that is, by speaking, for the finding or recovery of the body of her son," while the petition alleges as follows: "She faithfully agreed and promised to pay the sum of $200 to any party who would find the body of her son and rescue it from the water and deliver the same to her."   Hite v. Street Railway, 130 Mo. 136; Bender v. Dungan, 99 Mo. 126; Harty v. Railroad, 95 Mo. 368; Nelson Mfg. Co. v. Mitchell, 38 Mo. App. 321.   The instruction is further erroneous for the reason that it is clearly a comment on the evidence, in that it assumes that she did offer a reward, a fact denied by the answer.   The declaration "and promised to pay them a reward of $200, which she had offered," clearly assumes a fact denied by the pleadings and is a palpable comment upon the evidence.   Matthews v. Railroad, 26 Mo. App. 75; Rice v. McFarland, 41 Mo. App. 489; Kenney v. Railroad, 74 Mo. App. 301.   Where a matter has been placed in issue either by the pleadings or

the evidence the court cannot, as a matter of law, declare that a given state of facts has been proven or disproven. Miller v. Marks, 20 Mo. App. 369; Morris v. Morris, 28 Mo. 114; Musser v. Adler, 86 Mo. 445; Swink v. Anthony, 96 Mo. App. 420; Smith v. Camp, 179 Mo. 119.

*Pope & Lohman* for respondents.

The judgment should be affirmed on following authorities: Reed v. Colp, 213 Mo. 577, 584; Gardner v. Robertson, 208 Mo. 605; Wilbrandt v. Gas Light Co., 135 Mo. App. 220; Lawson on Contracts (2 Ed.), sec. 5; Barker v. Publishing Co., 152 Mo. App. 706; Smith v. Vernon Co., 188 Mo. 501-6; Ralls v. Stephens, 104 Mo. App. 115. But inasmuch as the action of the court in overruling the motions for new trial and in arrest of judgment were not excepted to and there are no record entries of any kind in the record the evidence and action of the court cannot be reviewed and the judgment should be affirmed. Western S. & W. Co. v. Glasner, 150 Mo. 426; Greenwood v. P. & O. Co., 98 Mo. App. 407; Newman v. Biggs, 78 Mo. 675; Swank v. Swank, 85 Mo. 198.

ELLISON, J.—Plaintiff's action is to recover the amount of a reward offered for finding the body of defendant's son, who was drowned in the Missouri River. The judgment in the trial court was for the plaintiffs and defendant appealed.

The bill of exceptions does not show that an exception was taken to the action of the court in overruling the motions for new trial and in arrest of judgment. More than a year after the appeal was taken, and after plaintiffs had made objection and asked an affirmance of the judgment, defendant asks that she be permitted to amend the abstract by adding thereto that exceptions were, in fact, taken. Plaintiffs object

to this leave and point out what they term defendant's neglect in the matter; and further, they insist that without that objection the judgment must be affirmed on other grounds. We find that the record proper does not show that these motions were ever filed. The bill of exceptions states they were, but that will not suffice. [Hays v. Foos, 223 Mo. 421; Kolokas v. Railway Co., 223 Mo. 455; Wallace v. Libby, 231 Mo. 341; Keaton v. Weber, 233 Mo. 691; City of St. Louis v. Henning, 235 Mo. 44.]

Again, the record proper does not state that the bill of exceptions was duly filed. It nowhere mentions a bill of exceptions. The bill of exceptions states the bill was filed; but, as we said of the motion for new trial, that is a matter which should appear in the record proper. [Authorities last cited.]

We are thus left to the record proper. From that we learn there was a petition, answer and reply. The petition is ample after verdict. It is true that defendant, by motion, asked that plaintiffs be required to make it more definite and certain, the motion being overruled; and complaint is made of this ruling, in the brief. But even if defendant had a right to complain in the state of the record as above set out, she waived all such right by answering. [Ewing v. Vernon Co., 216 Mo. 681, 685; Storage Co. v. Kuhlmann, 238 Mo. 685, 702; Sandusky v. Courtney (decided this term).]

The judgment is affirmed. All concur.