## THE STATE v. H. C. KELLER, Appellant.

Division Two, June 5, 1924.

APPEAL: Motion for New Trial: Filed After Sentence: Bill of Exceptions: Timely Record Proper: Irregular -Judgment: Dismissal of Appeal. A motion for a new trial must be filed before judgment is entered and sentence is pronounced, and where such motion is filed after judgment and sentence the bill of exceptions cannot be

considered on appeal. And, therefore, where a certified copy of the record proper, duly and timely filed in this court, shows that judgment was entered and defendant sentenced according to the verdict immediately upon its return, and that thereafter, in proper time, defendant filed his motion for a new trial, it is immaterial whether he filed a transcript of the evidence, instructions and other rulings at the trial within twelve months after the appeal was allowed, and the appeal cannot be dismissed for failure to file said transcript within twelve months, for the record proper, timely filed, must be examined, and it compels a reversal, because the defendant was denied his statutory right to allocution, and the judgment is therefore irregular and must be set aside, and the cause remanded.

Headnote: Criminal Law, 16 C. J. secs. 2733 (1926 Anno), 3060, 3349, 3421.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED.

*W. R. Hall* and *W. E. Glenn* for appellant.

*Jesse W. Barrett*, Attorney-General, for respondent; *Ellison A. Poulton*, of counsel.

It is impossible to ascertain from the so-called "short form transcript" whether or not judgment and sentence preceded or came after the filing of the motions for new trial and in arrest. In one place it appears that they were filed subsequently and in another it appears that the motion for new trial was filed prior to the sentence and judgment. This court will assume, therefore, that the motion for new trial was filed before sentence, and judgment.

RAILEY, C.—Appellant, H. C. Keller, was charged by an information filed in the Circuit Court of Dunklin County, Missouri, on January 1, 1923, with the crime of

murder in the first degree, in that he did, on or about the second day of September, 1922, feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought, shoot and kill Marvin Dalton, in said county. The defendant was arraigned, entered a plea of not guilty, and his trial was commenced before a jury on February 28, 1923, and, on March 1, 1923, the jury returned into court the following verdict:

"We, the jury, find the defendant guilty of murder in the second degree, as embraced within the charge in the information, and we assess his punishment at imprisonment in the penitentiary for the term of twelve years (12)."

The defendant thereafter filed motions for a new trial and in arrest of judgment, both of which were overruled, and an appeal allowed him to this court.

On April 10, 1924, counsel for respondent filed a motion herein to dismiss the appeal, on the ground that the same was granted him on March 2, 1923, and he has failed to perfect his appeal within twelve months from the time the same was granted. The above motion was directed by the court to be taken with the case.

The testimony contained in the abstract of record filed by appellant tends to show that on September 2, 1922, the deceased, Marvin Dalton, was standing on the sidewalk of one of the streets of Campbell, Missouri, engaged in a conversation with several other persons; that deceased finished the conversation, turned to the east and walked around the group with whom he had been talking, and started up the street in a westerly direction. The defendant had crossed the street further up and, on coming near deceased, pulled a revolver from the bib of his overalls and shot him in the left breast. Just before the shot was fired, deceased exclaimed: "Now, what about it?", but made no motion or demonstration. Defendant and deceased then engaged in a scuffle for the gun, during which time defendant struck deceased in the face several times with his fist. Deceased finally obtained the weapon and fired a shot which went wild. The de-

ceased then collapsed and died from the effect of said gunshot wound. The State's evidence also tends to show that deceased had no weapon of any kind; that about two or three weeks prior to the shooting, a witness testified that he stopped at defendant's home, and the latter showed him a target, at which he had shot, and said he had told his (defendant's) wife that if "Mr. Dalton (deceased) says anything out of the way, I'll fix him right there;" that defendant remarked at another time that "the gravel road wouldn't do the s-b any good."

Defendant's evidence tends to show that he and deceased had had a number of controversies before the shooting; that deceased was a large man, and defendant was a small man; that bad blood existed between them; that deceased had made threats against the life of defendant, some of which had been communicated to the latter; that he had told witnesses he would get defendant, etc.

The defendant describes what occurred at the scene of the shooting as follows: He said as he neared the corner of the Rexall Drug Store, he observed the deceased coming toward him with his left hand outstretched toward appellant, and his right hand down by his side, or just a little behind him; that deceased said something to him in an angry mood and threatening manner; that as deceased approached nearer defendant, he said to the latter, "Now, what about it; here is where we settle all our troubles," and continued to approach defendant with outstretched hand; that he (defendant) stepped back a couple of steps, drew a pistol from the bib of his overalls and fired one shot; that deceased grabbed the pistol, and a scuffle ensued in which deceased wrenched the pistol from his hand and fired at defendant, the shot going wild. The defendant also testified that deceased had several times assaulted and threatened to kill him; that he heard people say deceased was a quarrelsome, turbulent man; that he shot deceased because he thought the latter would kill him or do him great bodily harm.

The foregoing covers substantially, in a general way, the testimony for both the State and defendant. Such other matters as may be deemed necessary will be considered in the opinion.

I.   The respondent has filed a motion in this case to dismiss the appeal, on the alleged ground that it has not been perfected within twelve months from the date when the appeal was allowed.   The Clerk of the Dunklin County Circuit Court filed herein, on June 4, 1923, a certified copy of the record proceedings herein, which shows that the appeal was allowed on March. 2, 1923.   The circuit judge signed a bill of exceptions in this cause, which bears on the back of same the filing mark of the circuit clerk, dated February 28, 1924.   This original bill of exceptions, thus signed, was filed with the clerk of this court on February 29, 1924, the docket fee of $10 having been paid on June 4, 1923, when the transcript of the record proceedings was filed herein.   There is no certificate of the Clerk of the Dunklin Circuit Court attached to said bill of exceptions, nor is there any reference in the transcript of the record proceedings filed here on June 4, 1923, to said bill of exceptions filed on February 29, 1924.   Our ruling on the motion to dismiss the appeal, based on the foregoing facts, will be deferred, until we determine from the record proper, whether the case is here under such circumstances as to enable us legally to pass upon this question.

*Perfecting Appeal.*

II.   The transcript duly certified and filed in this court on June 4, 1923, contains more than the ordinary short form transcript provided for in Section 1479, Revised Statutes 1919, of the civil code, which simply requires the filing here of a certified copy of the judgment and order granting an appeal. After giving the style of the case, the above transcript contains recitals to the effect that defendant, H. C. Keller, had been arraigned and entered a plea of not guilty; that

*Record Proper: Motion for New Trial After Judgment.*

plaintiff and defendant had announced ready for trial; that the sheriff was ordered to summon forty additional jurors for February 27th, at nine o'clock, etc. The remainder of said transcript reads as follows:

"Afterwards, on the 28th day of February, 1923, being the 38th day of the same term, 1923, the following among other proceedings were had, to-wit:

(Caption Omitted).

"And now again comes the State of Missouri by the Prosecuting Attorney, and the defendant H. C. Keller in person and by attorney, and announce ready for trial. And also come the following named jurors who have been duly summoned, empaneled, qualified, chosen and sworn to try this cause, namely; C. G. Goodrich, A. A. Abney, Gene McCausland, J. F. Ferrell, L. E. Gray, J. O. Williams, A. P. Johnson, T. J. Grooms, W. L. Sturgeon, Charley McGehee, W. R. Thomas and E. F. Goodman. And the trial of this cause proceeds upon the testimony offered by the plaintiff and the defendant. Trial of this cause not being concluded at the adjournment of the court for this day, further proceedings therein are continued until tomorrow morning at 8:30 o'clock to which hour this court is now adjourned.

"Afterwards, on the 1st day of March, 1923, being the 40th day of the regular January Term, 1923, the following among other proceedings were had, to-wit:

(Caption Omitted).

"And now at the close of the evidence, and after the jury having been duly instructed in writing by the court of the law, and after argument of counsel, the jury retire to deliberate of their verdict: and now again come the jury into open court and return the following verdict: We, the jury, find the defendant guilty of murder in the second degree, as embraced within the charge in the information, and we assess his punishment at imprisonment in the Penitentiary for the term of Twelve Years (12).

"Chas. McGehee, Foreman.

"It is ordered and adjudged by the court that the defendant H. C. Keller, be conveyed to the State Penitentiary at Jefferson City, Missouri, as sentenced by the jury

who tried this cause.

"Afterwards, on the 2nd day of March, 1923, being the 42nd day of the same term, the following among other proceedings were had, to-wit:

(Caption Omitted).

"Comes now the defendant by attorney and files his motion for a new trial herein which is overruled by the court. Defendant is sentenced after being given opportunity to show cause. Motion in arrest of judgment filed and overruled. Affidavit for appeal filed and appeal granted to the Supreme Court. Appeal bond fixed in the sum of $6000, which is given by the defendant and C. A. Crow and Mat R. Crain as securities. Bond is approved by the court and the defendant is released on his recognizance, which is conditioned by law. Defendant is granted ninety days in which to perfect and file his bill of exceptions.

"State of Missouri⎫
                  ⎬ ss.
County of Dunklin⎭

"I, Birt P. Bryant, Clerk of the Circuit Court in and for said County of Dunklin, State of Missouri, certify that the within and foregoing is a true and correct copy of the within proceedings as fully as the same now appears of record.

"Witness my hand and seal of the said Court at my office in the City of Kennett, this 25th day of April, 1923.

"BIRT P. BRYANT, Circuit Clerk.

"By ERNEST F. WELLS, D. C."

Both our statute and the rulings of this court thereunder, are mandatory in requiring motions for a new trial to be filed before judgment is entered and sentence pronounced on defendant. Under such circumstances, where the motion for a new trial is filed after judgment and sentence, we are precluded from considering the bill of exceptions. [Sec. 4079, R. S. 1919; State v. Keyger, 253 S. W. (Mo.) 363; State v. Whalen, 248 S. W. (Mo.) l. c. 932; State v. Standley, 232 Mo. 23, 132 S. W. 1122; State v. Kile, 231 Mo. 59, 132 S. W. 230; State v. Fraser,

220 Mo. 34, 119 S. W. 389; State v. Fawcett, 212 Mo. 729, 111 S. W. 562.]

Reverting to the transcript of June 4, 1923, heretofore set out, we find that the jury returned a verdict on March 1, 1923, and that immediately following the same the court, on the same day, entered a judgment against defendant, before the motion for a new trial was filed on March 2, 1923. It is therefore manifest from reading said transcript that the judgment aforesaid, although irregular as to form, was erroneously rendered against defendant without affording him allocution as provided by law. [Sec. 4058, R. S. 1919; State v. Caulder, 256 S. W. (Mo.) 1063-4; State v. Taylor, 256 S. W. (Mo.) 1059-1060; State v. Dunnegan, 258 Mo. 373, 167 S. W. 497; State v. Kile, 231 Mo. 59, 132 S. W. 320.]

We deem it appropriate in this connection to remind counsel for the State that it is their duty under the law to see that proper record entries are made in criminal cases; and it is likewise the imperative duty of counsel representing defendants in such cases to see that proper entries are made, entered of record, and that *proper* transcripts are filed in this court. A compliance upon the part of counsel with the above suggestions will often save unnecessary delay and costs, as well as trouble in the appellate courts.

III. Leaving out of consideration the question as to whether the bill of exceptions aforesaid can be considered, on account of its not being properly certified, yet we cannot sustain respondent's motion to dismiss the appeal, because the duty devolves upon us, even if the bill of exceptions should be rejected, to examine the record proper filed herein on June 4, 1923, and determine therefrom whether reversible error is manifest. [State v. Caulder, 256 S. W. (Mo.) l. c. 1064; State v. Taylor, 256 S. W. (Mo.) l. c. 1061; State v. Keyger, 253 S. W. (Mo.) 363; State v. Whalen, 248 S. W. (Mo.) 932-3; State v. Little, 248 S. W. (Mo.) 926-7; State v. Baird, 248 S. W. (Mo.) 596; State v.

Appeal:
Dismissal.

Smith, 284 Mo. l. c. 175, 223 S. W. l. c. 751.] It follows from the foregoing that the trial court improperly and illegally entered the judgment aforesaid against appellant, without giving him the requisite time in which to file his motion for a new trial, and without granting to him the right of allocution before entering the judgment aforesaid. In the recent case of State v. Taylor, 256 S. W. l. c. 1062, this court, in discussing similar facts, where the trial court had entered judgment without granting allocution, said:

"In this case the record shows affirmatively that the defendant was not given time to file his motion for new trial nor granted his allocution. The judgment then pronounced was irregular, and should be set aside. When the case is remanded, the trial court, after allowing allocution, may pronounce judgment, from which judgment the defendant of course may appeal, if he be so advised. We see no reason why his motion already filed in proper time and before the entry of the judgment appealed from would not save for review all exceptions preserved in the bill of exceptions."

We accordingly reverse and remand the cause with directions to the trial court to proceed with same as indicated in the Taylor case, supra. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.