STATE OF MISSOURI, RESPONDENT, v. CARL LUND, APPELLANT.—
127 S. W. (2d) 97.

Kansas City Court of Appeals. April 3, 1939.

*Richard H. Musser* and *Charles K. Hackler* for respondent.

*Gayles R. Pine* and *Roy A. Jones* for appellant.

KEMP, J.—So far as we are able to ascertain from the very abbreviated transcript filed in this court, defendant was charged by information with the unlawful and wilful destruction of personal property.

The transcript discloses that on June 24, 1938, defendant filed a motion to quash the information, that on the same day the motion was overruled, and that plaintiff on the same day was tried before a jury in the Circuit Court of Johnson County, Missouri, and found guilty as charged in the information and the penalty was fixed at one dollar and costs. Thereafter, judgment was rendered in conformity with said verdict. On June 28, 1938, motion for new trial was filed, and on July 11, 1938, said motion for new trial was overruled, and on the same day defendant filed his application and affidavit for appeal. The appeal was allowed and a bond, fixed by the court at $500, was furnished by the defendant and said bond approved by the court.

In addition to the foregoing, the transcript contains a copy of defendant's motion for a new trial, in which defendant complains of the action of the court in overruling defendant's motion to quash the information and the failure of the court to give an instruction in the nature of a demurrer to the evidence offered at the close of all the evidence, and complains of the failure of the court to give various other numbered instructions. The transcript does not contain a copy of the information nor copies of the instructions referred to in his motion for new trial. Neither bill of exceptions nor an "abbreviated or partial transcript of the evidence" has been furnished pursuant to the provisions of Section 3756, Revised Statutes of Missouri, 1929.

From the foregoing, it must be apparent that we are precluded from a consideration of questions which might have been presented

for review upon a proper transcript of the proceedings in the case. But, notwithstanding this fact, we are required to examine the record proper and determine therefrom whether reversible error is manifest. [State v. Carr, 216 Mo. App. 432, l. c. 441; State v. Keller, 263 S. W. 171.] The transcript discloses, however, that the record proper is deficient. We have before us only the certified copy of the verdict and judgment and the order granting an appeal. The information upon which defendant was tried is a part of the record proper and, as heretofore pointed out, the transcript does not contain a copy of said information. The portions of the record proper which are before us are regular upon their face. As to the record proper, therefore, there is nothing further for us to review. The situation presented in the case of State v. Underwood, 27 S. W. (2d) 1070, was almost identical to the situation here. We there held that the appeal must be dismissed, and we so hold here.

The appeal is, therefore, dismissed. All concur.