SIMCOE REALTY COMPANY, Appellant, v.
WILLIAM J. LEMP BREWING COMPANY
et al.

### Division One, December 24, 1912.

**APPEAL: Motion for New Trial: Omitted from Bill of Excep-
tions: Amendment in Circuit Court.** Nothing is for con-
sideration except the record proper, where appellant, after re-
spondent had filed his brief asserting that the abstract shows
no motion for a new trial and that no call for one appears in the
bill of exceptions, appeared in the circuit court and, by leave,
amended his bill of exceptions by inserting therein the motion
for a new trial. A defective abstract or bill of exceptions can-
not be cured in that way after respondent has filed his brief
raising the point.

Appeal from Jackson Circuit Court.—*Hon. W. O.
Thomas*, Judge.

AFFIRMED.

*Haff, Meservey, German & Michaels, S. D. New-
kirk* and *Edwards & Bryan* for respondents.

(1) No motion for a new trial is preserved in the
bill of exceptions, nor is there a call for one; there-
fore, there is nothing but the record proper before
the court. Sec. 2083, R. S. 1909; State v. Griffin, 98
Mo. 672; Arnold v. Boyer, 108 Mo. 310; Ryan v. Grow-
ney, 125 Mo. 474; State v. Revely, 145 Mo. 660; Phil-
lips v. Jones, 176 Mo. 328; State v. Herron, 199 Mo.
159; Blanchard v. Dorman, 236 Mo. 416; Rose v. Town-
ship Board, 163 Mo. 396; State v. Ruck, 194 Mo. 428;
Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder,
204 Mo. 442; Betzler v. James, 227 Mo. 387; Scaggs
v. Ins. Co., 94 Mo. App. 88; Walker v. Vaughn, 143
Mo. App. 657; Coy v. Landers, 146 Mo. App. 413;
Pearson v. O'Connor, 151 Mo. App. 169; Woodward

v. Ins. Co., 156 Mo. App. 244. (2) No error in the record proper is assigned, and there is no such error; therefore the judgment must be affirmed. Sec. 650, R. S. 1899; Summet v. Realty & Brokerage Co., 208 Mo. 501; Noble v. Brinson, 231 Mo. 640.

*New & Krauthoff* and *M. H. Winger* for appellant.

(1) The trial court had power to cause the bill of exceptions to be amended so that the same shall speak the truth and contain the motion for new trial. R. S. 1909, Sec. 2120; Darrier v. Darrier, 58 Mo. 233; Baker v. Railroad, 122 Mo. 546; Ross v. Railroad, 141 Mo. 393; State v. Libby, 203 Mo. 596; Althoff v. Transit Co., 204 Mo. 172; Reed v. Colp, 213 Mo. 577. If it be true, as ruled in the cases, that it is the exception to the overruling of the motion for a new trial which gives the motion life and vitality for the purposes of appeal, and if the exception can be inserted in the bill of exceptions by way of amendment based on "some paper in the case" why cannot the very document itself, which the exception thus preserves, be inserted? State v. Logan, 125 Mo. 22; Noble v. Brinson, 231 Mo. 643. (2) The power to amend the bill of exceptions is continuous in its nature and not lost by lapse of time. Loring v. Groomer, 110 Mo. 639; Mill Co. v. Sugg, 142 Mo. 360; State v. Gordon, 196 Mo. 196. To say that this court cannot consider the amendment to the bill of exceptions because it appears for the first time in a supplemental abstract which was presented for filing on the day the case was set for hearing is to read into the law of amendments a condition that such amendment cannot be had unless made prior to the time' fixed by the rules of the Supreme Court for the service of the abstract of the record. Baker v. Railroad, 122 Mo. 546; Ross v. Railroad, 141 Mo. 393.

WOODSON, J.—This is an action in ejectment instituted in the circuit court of Jackson county by the plaintiff against the defendant, to recover the possession of the west five feet of lot one hundred and eighty-seven in Ross & Scarritt's Addition, an addition in Kansas City, Missouri.

The petition was in the usual form, and the answer admitted possession, sets up the Statutes of Limitations as a bar and pleads an estoppel *in pais,* and asks that the rights and interest of the parties be ascertained and determined under the provisions of Sec. 2535, R. S. 1909, same as Sec. 650, R. S. 1899.

The reply was a general denial.

A trial was had and a judgment was rendered in favor of the defendants and the plaintiff appealed the cause to this court.

I. At the outset of this case, we are confronted with the contention of counsel for respondents, to quote: "No motion for a new trial is preserved in the bill of exceptions, nor is there a call for one; therefore, there is nothing but the record proper before the court."

This contention is not controverted by counsel for appellant, but is conceded by counsel appearing in the circuit court of Jackson county and filing in the cause a motion to amend the bill of exceptions filed therein, by inserting in said bill the motion for a new trial, which motion, over the objections and exceptions of respondents, was by the court sustained.

After said amendment had been made, counsel for appellant presented to this court a certified copy of the record of said amendment and ask leave to file the same in the cause, in this court, to which counsel for respondents object.

The motion to amend the bill of exceptions was filed in the circuit court of Jackson county, and all the subsequent procedures had thereon were had, after

counsel for respondents filed their brief in this court, raising the point that no motion for a new trial had been preserved in the bill of exceptions.

Upon this showing it is apparent that the bill of exceptions, the proper repository of the motion for a new trial, is not only defective in that particular, but the abstract of the record filed in this court, under the statute and rules of this court, must be and is defective in that regard also.

That being true, according to the repeated rulings of this court, there is nothing before us for determination, except the record proper. [Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442; Betzler v. James, 227 Mo. 375; Blanchard v. Dorman, 236 Mo. 416.]

II.  While counsel for appellant have assigned no error appearing upon the record proper, nevertheless, we have taken the precaution to examine it carefully, and by so doing we failed to find any.

Therefore, according to the following authorities, the judgment should be affirmed:  Summet v. City Realty Co., 208 Mo. 501; Noble v. Brinson, 231 Mo. 640.

It is so ordered.  All concur.