WILLIAM H. HAGGERTY et al., Appellants, v.
HARVEY I. RUTH et al.

**Division Two, June 23, 1914.**

**APPEAL: Motion for New Trial: Not Preserved.** The motion for a new trial must either be copied into the bill of exceptions or the bill must contain a direction to the clerk to copy it; and unless the one or the other is done, no exception can be considered on appeal, although the abstract contains a copy of the motion.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*E. R. Lentz* and *Warren D. Isenburg* for appellant.

*Louis F. Dinning* for respondent.

BROWN, J.—Action to determine and quiet title to real estate, and for partition. From a decree for defendant Ruth plaintiffs appeal.

Defendant Ruth challenges the right of this court to review the alleged errors noted in plaintiffs' bill of exceptions, on the ground that said bill of exceptions does not contain plaintiffs' motion for new trial, nor any call for said motion.

The plaintiffs have copied into their printed abstract of the record (short form) what purports to be a motion for new trial, but defendant disputes the accuracy of that abstract and files an additional printed abstract, by which it is made to appear that the appellants' motion for new trial was not copied into the bill of exceptions, and no call or direction made in said bill for the clerk to copy the motion for new trial.

From respondents' additional abstract it appears that the only entries in the bill of exceptions relating to the motion for new trial are as follows:

"Thereafter on the 5th day of July, 1911, and within four days after the rendition of the judgment herein the plaintiffs filed their motion for a new trial herein.

"On the same day the said motion for a new trial, was by the court taken up and considered, and overruled.

"To which action of the court in overruling said motion for a new trial the plaintiffs by their attorneys then and there objected and excepted."

Section 2083, Revised Statutes 1909, provides that it shall not be necessary to copy a motion or other printed or written document into a bill of exceptions in order to secure a review thereof by the appellate courts, "*provided*, the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court." Under this statute, when a bill of exceptions does not contain a full copy of the motion for new trial, it has quite uniformly been held to be necessary for such bill to contain a call or direc-

Motion for New Trial: Not Preserved in Bill.

tion to the clerk to copy such motion. [State v. Griffin, 98 Mo. 672; State v. Handley, 144 Mo. 118; Simcoe Realty Co. v. Brewing Co., 247 Mo. 29; Blanchard v. Dorman, 236 Mo. 416, l. c. 439, and cases cited in said last-named decision.]

Appellants do not dispute the accuracy of respondents' additional abstract; in fact, in his argument *ore tenus* in this court appellants' attorney admitted that said additional abstract is correct, so that there seems to exist no necessity for us to make an order on the clerk to send up the original bill of exceptions for the purpose of ascertaining which printed abstract of record is correct.

By the statute and decisions hereinbefore cited, we are barred from considering any mere matter of exception in this case, and however much we regret to dispose of the cause without considering its merits, we cannot shut our eyes to the fact that appellate procedure is governed by a statute, and a substantial compliance with the terms of that statute is necessary to confer jurisdiction on us.

Upon examination of the record proper we find that the judgment is in due form and fully supported by the pleadings. It will therefore be affirmed. It is so ordered.

*Walker, P. J.*, and *Faris, J.*, concur.