IRA BURRUS, Appellant, v. VALENTINE HENDRICKS.

Division One, July 11, 1921.

1. **APPEAL: No Abstract of Record Proper: Amended Rule 31.** The amendment to Rule 31 of the Supreme Court (adopted December 31, 1920) means that if matters of record proper are omitted from the record proper, but are shown in the bill of exceptions in appellant's abstract, that will be sufficient, unless the respondent pellant must file a corrected abstract of and from the record proper, objects as provided in said rule, but if such objection is made apshowing the record entries referred to in respondent's objections as was required before said amendment was made.

2. ———: ———: ———: **Uncorrected by Additional Abstract.** Where appellant's original abstract fails to show in the record proper that a final judgment was entered, that a motion for a new trial was filed and overruled, that a bill of exceptions was signed, sealed and filed, or that an appeal was allowed, although such record matters are set forth as a part of the bill of exceptions; and respondent files objections thereto, pointing out such deficiencies; and appellant's additional abstract sets forth as a part of the record proper a copy of the judgment, but contains no copy

or summation of record entries showing a motion for a new trial was filed and overruled, or that a bill of exceptions was approved and filed, or that an appeal was allowed, there is nothing for the Supreme Court to consider except the pleadings and judgment, and there being no error upon their face, the judgment will be affirmed.                                               \

Appeal from Pike Circuit Court.—*Hon. E. B. Woolfolk,* Judge.

AFFIRMED.

*Pearson & Pearson* and *Hostetter & Haley* for respondent.

The record in this case is fatally defective in that there is no showing from the record proper of the filing or overruling of a motion for a new trial, the rendition of a final judgment, the allowance of an appeal, or the allowance of the signing or filing of a bill of exceptions. Tracy v. Tracy, 201 S. W. (Mo.) 902; Squares v. Peters, 202 S. W. (Mo.) 530; Livasy v. Jackson, 204 S. W. (Mo.) 186; Fleiger v. U. R. Co., 204 S. W. (Mo.) 182; O'Hara v. Berthold, 204 S. W. (Mo.) 1089, 1090; Harding v. Bedoll, 200 Mo. 625, 634; Bower v. Daniels, 198 Mo. 289, 317; St. Charles ex rel. v. Deemar, 174 Mo. 122; State ex rel. v. Woods, 234 Mo. 16.

*Tom B. McGinnis, Lulu M. Collins, Frank J. Duvall* and *Guy M. Wood* for appellant.

SMALL, C.—Appeal from the Circuit Court of Pike County. On March 23, 1921, appellant served upon the respondent her abstract of the record and brief herein. On March 30, 1921, respondent served upon appellant his written objections to said abstract of the record, in words and figures as follows:

"In the Supreme Court of Missouri.
"Division No. 1.
"April Term, 1921.

"IDA BURRUS, Appellant

v.                                        } Case No. 22,184.

"VALENTINE HENDRICKS, Respondent.

"RESPONDENT'S OBJECTION TO APPELLANT'S ABSTRACT.

";Now comes Valentine Hendricks, respondent in the above-entitled cause, and makes the following objection to the appellant's abstract of the record, together with his reasons therefor, to-wit:

"Said abstract fails to set out any of the direct examination of Valentine Hendricks, and such direct examination would disclose the fact affirmatively that. he made no promise of marriage to Mrs. Burrus, and it would further disclose more fully the agency of Lulu M. Collins for Mrs. Burrus, and in that respect it would further tend to justify the admission of the testimony of S. M. Gillum, a witness for respondent, who testified to a conversation between him and Lulu M. Collins, and such omitted testimonies would be useful in giving this court a clear idea of the situation, and would further tend to justify the action of the jury in its decision that there was in a point of fact no marriage engagement at any time between the respondent and the appellant.

"Said abstract fails to set out any of the cross-examination of the appellant Mrs. Burrus, which omitted testimony would bear upon same issues, and would also tend to make respondent's position in the eyes of this court justifiable and tenable in every particular.

"Said abstract fails to show in the record proper that a final judgment was entered, or that a motion for a new trial was filed and overruled, or that a bill of exceptions was allowed and filed and signed, or that an appeal was allowed. Such abstract therefore does not show facts sufficient to invest this court with full

and complete jurisdiction to hear and determine this cause on its merits on account of such deficiencies.

"PEARSON and PEARSON and
"HOSTETTER and HALEY,
"Attorneys for Respondent."

The original abstract of appellant contains the matters of record proper complained of by respondent in the above notice in the bill of exceptions, but not in the part of said abstract purporting to abstract the record proper. Nor does said original abstract state the appeal was duly taken, nor that said bill of exceptions was duly filed, as authorized by Rule 31 of this court.

On April 22, 1921, appellant served her additional abstract of the record upon the respondent, which contained a copy of the judgment rendered Tuesday, June 24, 1919, in the court below, but failed to contain a copy or abstract of any other entry of the record proper in the case, complained of by respondent in said objections to appellant's original abstract.

The respondent in his brief insists that said additional abstract does not comply with the amendment to Rule 13 of this court adopted December 31, 1920. Said amendment is as follows:

"If in any case any matter which should properly be set forth in the abstract as a part of the record proper, shall appear in the abstract as a part of the bill of exceptions, or *vice-versa,* such matter shall be considered and treated as if set forth in its proper place, and all objections on account thereof shall be deemed waived, unless the other party shall, within fifteen days after the service of such abstract upon him, specify such objections and the reasons therefor in writing and serve the same upon the opposing party or his counsel; and in the event such objection be so made, the other party may within ten days from the service of·such written objection ·upon him or his counsel, correct his abstract so as to obviate such objection, if under the facts as shown by the record proper or the bill of exceptions

in the trial court, such correction can truthfully be made."

Prior to the adoption of the above amendment, unless all matters of record proper were shown in the abstract of the record proper, or there was a statement, as authorized by Rule 31, that the appeal was duly taken and the bill of exceptions duly filed, such abstract of record proper was fatally defective, although such matters of record proper may have appeared in the bill of exceptions in the appellant's abstract of the record. [Tracy v. Tracy, 201 S. W. 902, l. c. 903; Squares v. Peters, 202 S. W. 530; Livasy v. Jackson, 204 S. W. 186; Fleiger v. United Railways Co., 204 S. W. 182; Bower v. Daniel, 198 Mo. 289, l. c. 317; St. Charles ex rel. v. Deemar, 174 Mo. 122.]

Respondent's learned counsel insist that, under the above amendment to Rule 13, in response to his timely objections in writing, above set forth, it was incumbent upon the appellant to obviate such objections by filing an additional or corrected abstract of and from the record proper, showing the record entries of the filing and overruling of the motion for a new trial, and the signing, allowing and filing of the bill of exceptions.

We think this is a correct interpretation of said amendment. Said amendment means that if matters of record proper are omitted from the abstract of the record proper, but are shown in the bill of exceptions in appellant's abstract, that will be sufficient, unless the respondent objects, as provided in said amendment, in which case the appellant must file a corrected abstract of and from the record proper, showing the record entries referred to in respondent's objections, as was required before said amendment was adopted. The appellant, in this case, having in her additional abstract only set forth a copy of the judgment, and omitted to insert therein an abstract of and from the record proper, showing the filing and overruling of the motion for new trial, and the signing, allowing and filing of the bill of exceptions,

there is nothing before us for consideration, except the pleadings and the judgment, and there being no error upon the face thereof, under the foregoing authorities, we have no alternative except to affirm the judgment.

It is so ordered. *Ragland, C.,* concurs; *Brown, C.,* not sitting.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.