PHOEBE WARNER and JESS B. CALVERT, Appellants, v. JENNIE HOWARD, FRED ROTH and EVA R. ROTH.—98 S. W. (2d) 613.

Division Two, November 17, 1936.

*J. Harry Latham*, *A. Bowers* and *Christian Dubach* for appellants.

*W. H. Sherman* and *Bart M. Lockwood* for respondents.

TIPTON, P. J.—This case comes to the writer on reassignment. On December 10, 1935, appellants served upon the respondents their abstract of the record and brief therein. On December 18, 1935, respondents served upon appellants their written objections to said abstract of record and brief. The cause was docketed for hearing in this court on January 14, 1936. The appellants have made no attempt to correct their abstract of the record by filing an additional or new abstract.

The purported abstract of the record first sets out the petition; the amended separate answer of Jennie Howard; the separate answer of Fred Roth and Eva R. Roth, and then follows what is titled "Record Entries." Under this caption it is stated that on November 15, 1933, this cause coming on for a hearing before Honorable R. B. Bridgeman, judge of said court and a jury duly empaneled, the following proceedings were had and entered of record on said day and days thereafter mentioned. Then follows in large type the words: "BILL OF EXCEPTIONS."

(1) The respondents contend that the record proper should show, among other things, (1) the judgment, (2) the motion for a new trial was filed and the overruling of the same, (3) the filing and the allowance of the appeal, and (4) the allowance and the filing of the bill of exceptions. These are all matters of the record proper and should have been shown in the abstract of the record proper.

In the case of Burrus v. Hendricks, 233 S. W. 181, 289 Mo. 130, we said:

"Prior to the adoption of the above amendment, unless all matters of record proper were shown in the abstract of the record proper, or there was a statement, as authorized by Rule 31, that the appeal was duly taken and the bill of exceptions duly filed, such abstract of

record proper was fatally defective, although such matters of record proper may have appeared in the bill of exceptions in the appellant's abstract of the record. [Tracy v. Tracy, 201 S. W. 902, l. c. 903; Squares v. Peters et al., 202 S. W. 530; Livasy v. Jackson et al., 204 S. W. 186; Fleiger v. United Rys. Co., 204 S. W. 182; Bower v. Daniel, 198 Mo. 289, l. c. 317, 95 S. W. 347; St. Charles ex rel. v. Deemar, 174 Mo. 122, 73 S. W. 469.]

"Respondent's learned counsel insist that under the above amendment to Rule 13, in response to his timely objections in writing, above set forth, it was incumbent upon the appellant to obviate such objections by filing an additional or corrected abstract of and from the record proper, showing the record entries of the filing and overruling of the motion for a new trial, and the signing, allowing and filing of the bill of exceptions.

"We think, this is a correct interpretation of said amendment. Said amendment means that if matters of record proper are omitted from the abstract of the record proper, but are shown in the bill of exceptions in appellant's abstract, that will be sufficient, unless the respondent objects, as provided in said amendment, in which case the appellant must file a corrected abstract of and from the record proper, showing the record entries referred to in respondent's objections, as was required before said amendment was adopted. The appellant, in this case, having in her additional abstract only set forth a copy of the judgment, and omitted to insert therein an abstract of and from the record proper, showing the filing and overruling of the motion for a new trial, and the signing, allowing, and filing of the bill of exceptions, there is nothing before us for consideration, except the pleadings and the judgment."

On authority of the case of Burrus v. Hendricks, supra, we hold that the purported bill of exceptions is not before us for review.

The judgment is not shown in the abstract of the record proper or in the purported bill of exceptions. However, as there is on file with the clerk, "a short form transcript," which includes a copy of the judgment and the order granting the appeal, and the pleading in the abstract, we will not, therefore, dismiss the appeal, but will examine the record proper to see if there is any error in it. [Hanks v. Hanks, 218 Mo. 670, 170 S. W. 1101; Alt v. Dines, 227 Mo. 418, 126 S. W. 1035; State ex rel. Caruthers v. Little River Drainage District, 271 Mo. 429, 196 S. W. 1115.]

The appellants' petition is an action to quiet and determine title to certain land that they allege is in Andrew County, Missouri. The respondents' answers allege the land is in Doniphan County, Kansas; that they own no land in Andrew County, Missouri, and that the circuit court was without jurisdiction to determine title to the land in question. The judgment of the trial court was that "the

plaintiffs take nothing by their writ and that said defendants, Jennie Howard, Fred Roth, and Eva R. Roth go hence without delay and recover of the plaintiffs, their costs.''

From the judgment it is evident that the trial court was of the opinion that the appellants failed to sustain the burden of proof that was upon them in regard to proving the land was in Andrew County, Missouri. It was stated in open court here that the question to be determined was whether the land in dispute was in Missouri or Kansas. If the land was in Kansas the only judgment that the court could have entered was to dismiss appellants' petition. [Northstine v. Feldman, 298 Mo. 365, 250 S. W. 589.] This is what the court did and the judgment is responsive to the issues made by the pleading. The judgment of the trial court is, therefore, affirmed. All concur.