MERCHANTS EXCHANGE BANK BY O. H. MOBERLY, COMMISSIONER, RESPONDENT, v. BANKERS LIFE COMPANY OF DES MOINES, APPELLANT.—104 S. W. (2d) 744.

Kansas City Court of Appeals. April 5, 1937.

*E. E. Fogle* and *L. F. Cottey* for respondent.

*Luther & Luther* and *Lacy & Edwards* for appellant.

REYNOLDS, J.—This is an action on a life insurance policy by the plaintiff as assignee.

The petition alleges that, on July 16, 1913, the defendant, for a valuable. consideration at such time paid it by one James W. Hicks of Downing, Schuyler County, Missouri, made, executed, and delivered to the said James W. Hicks its certain contract and policy of life insurance No. E-117885, marked "Exhibit A" and filed with and made a part of the petition, by the terms and provisions whereof the defendant undertook and agreed to insure the life of the said James W. Hicks and to pay Margaret E. Hicks, the wife of the said James W. Hicks, the sum of $2000; that, thereafter, on April 12, 1930, the said James W. Hicks changed the beneficiary named in said policy from Margaret E. Hicks to his executor or administrator, in pursuance of the further terms and provisions of said policy; that the defendant recognized such change by writing its endorsement thereof on said policy; that, thereafter, on or prior to April 24, 1930, the said policy of insurance was assigned and delivered to the plaintiff as security for certain indebtedness then owing by the said James W. Hicks; and that said policy and any and all rights of action arising thereunder upon such assignment became a part of the assets of the plaintiff bank and still so remain.

The petition alleges the death of the insured, James W. Hicks,

at Schuyler County, Missouri, during April, 1935, while said policy was in full force and effect. It sufficiently alleges an insurable interest of the plaintiff in the life of the insured at the time of his death, in excess of the sum of $2000, and sufficiently alleges that the full amount agreed to be paid by the defendant under said policy (to-wit, the sum of $2000) immediately upon the death of the insured became due and payable to the plaintiff by the defendant.

The petition alleges the full performance by the said James W. Hicks, the insured, prior to his death, of all of the terms and conditions of the policy required of him by law and by said policy and, after his death, the full performance of all of such terms and conditions by the plaintiff required of it and alleges that due notice of the death of the insured had been given the defendant and demand made on it for the payment of said sum of $2000 to the plaintiff and that the defendant had willfully and vexatiously, without reasonable cause, failed and refused to pay the same.

Judgment is asked for the full amount of the policy in the sum of $2000 and interest and attorney's fees and damages and costs as provided by law.

The answer of the defendant is unverified. By the first clause thereof, each and every allegation in the petition is denied.

The second paragraph of such answer, after making admissions of formal matters, proceeds as follows:

". . . defendant admits that on or about the 16th day of July, 1913, for a valuable consideration and an agreement on the part of James W. Hicks of Downing, Missouri, to pay the quarterly premiums as stated in the contract No. E-117885 attached and made a part of plaintiff's petition to insure the life of James W. Hicks, in the sum of $2,000.00; defendant admits that said Semi-Endowment Policy at Age Seventy With Annual Dividends No. E-117885 was executed and delivered to said James W. Hicks; defendant admits that said policy No. E-117885 was returned to defendant on or about the 13th day of April, 1930, and the beneficiary names in the face of the policy was changed to the executor or administrator of the assured."

A third paragraph in the answer sets up an unpaid note alleged to have been executed to the defendant by the said James W. Hicks and the plaintiff for a loan in the sum of $1000, together with unpaid interest thereon, as a lien on said policy superior to the assignment of said policy to the plaintiff. By said paragraph, the defendant sets up that the loan mentioned and the interest thereon had not been paid and that the premiums on said policy had not been paid by the said Hicks or the plaintiff as his assignee and that, by reason thereof, the policy had lapsed prior to the death of the said Hicks and was not in force at the time of his death.

From the record, no reply to said answer appears to have been filed.

This cause was instituted in the Circuit Court of Schuyler County at Lancaster on August 8, 1935, by the plaintiff by its petition filed therein. It was later transferred by change of venue to the Circuit Court of Macon County at La Plata, where it was tried before the court without a jury at the November term, 1935, resulting in a judgment for the plaintiff on March 16, 1936, in the sum of $680.77, from which judgment, after unsuccessful motions for a new trial and in arrest of judgment, the defendant prosecutes this appeal.

The record recites the filing of a motion for a new trial and also the filing of a motion in arrest of judgment and the overruling of both of the same.

The record recites that the defendant was granted leave to file a bill of exceptions within the time allowed by law and that afterward, within such time so allowed, on January 4, 1937, it filed its bill of exceptions, which was made a part of the record in the cause.

The defendant's motion for a new trial does not appear incorporated either in the abstract of the record proper or in the bill of exceptions.

Neither does such bill of exceptions show any directions to the clerk of the trial court to copy such motion into the record.

The same is true of the defendant's motion in arrest of judgment.

It follows, therefore, that we have before us only the record proper for review. This has been so often held that it is unnecessary to cite at length authorities in support thereof. [State ex rel. Waggoner v. Leichtman, 146 Mo. App. 295, 130 S. W. 94; Simcoe Realty Co. v. Wm. J. Lemp Brewing Co., 247 Mo. 29, 152 S. W. 31; Haggerty v. Ruth, 259 Mo. 221, 168 S. W. 587; McKee v. Donner, 261 Mo. 378, 168 S. W. 1198; Blanchard v. Dorman, 236 Mo. 416, 139 S. W. 395.]

The record proper by law is the petition, the summons, and all subsequent pleadings, including the verdict and the judgment. [Bateson v. Clark, 37 Mo. 31; South St. Joseph Land Co. v. Bretz, 125 Mo. 418, 28 S. W. 656.]

We find no error in the record proper justifying a reversal. The petition states a good cause of action. Its allegations therefor are in all respects sufficient. The judgment is responsive to the allegations of the petition and is based thereon and is within the issues raised by the pleadings.

If it be true, as contended by the defendant, that the allegations of the answer sufficiently tender an affirmative defense to the effect that the policy described in the petition had lapsed, to which the plaintiff was required to reply, the failure of the plaintiff so to have done cannot affect the matter here. The judgment is, nevertheless, within the issues raised by the pleadings.

If the trial court erroneously failed to give effect to the failure of the plaintiff to reply to and deny the alleged affirmative defenses

set up in the answer as an admission on the part of the plaintiff of the defendant's answer, such was a matter to have been taken advantage of in some manner by exception on the trial; preserved in the motion for a new trial; and incorporated, together with the action of the trial court on such exception, in the record brought to this court. [Ransom v. Potomac Ins. Co. of District of Columbia, 226 Mo. App. 664, 45 S. W. (2d) 95.] No motion for a new trial appears incorporated in the record brought here.

The fact that the policy sued on is marked as an exhibit and is filed with the petition and that it is by the petition declared to be made a part thereof does not make it a part thereof. It is merely an exhibit filed with the petition and furnishes no part of the statement of the cause of action set forth in the petition. Neither does it become a part of the record proper. [Ransom v. Potomac Ins. Co. of District of Columbia, supra; Wood v. General Ins. Co. of America, 229 Mo. App. 296, 77 S. W. (2d) 167.] The petition alone states the cause of action. The policy filed therewith is not before us for consideration.

It follows from what has been said that the judgment of the court below should be, and it accordingly is, affirmed. All concur.