# OCTOBER, 1939.

CLIFFORD BOYD AND LESTER BLADES, RESPONDENTS, v. M. W. SPICKARD, DOING BUSINESS AS M. W. SPICKARD QUALITY OIL COMPANY, AND JACK VINSON, APPELLANTS.—136 S. W. (2d) 448.

Springfield Court of Appeals. February 6, 1940.

*Hamlin, Hamlin & Hamlin* for appellants.

*Charles A. Moon* for respondents.

TATLOW, P. J.—This case was regularly set for hearing on January 9, 1940.

Appellants' abstract was not filed until December 14, 1939. The respondents, on January 5, 1940, filed a motion to dismiss the appeal because the abstract was not filed in time and because the abstract, as filed, does not comply with the statute or the rules of this court. The respondents have not briefed the case on the merits. The case was argued and submitted only on the motion to dismiss the appeal.

In addition to the motion to dismiss the appeal, the respondents have filed in this court the original bill of exceptions, which was filed in the circuit court on November 1, 1939. It consists of 115 pages. The appellants' printed abstract consists of only twenty pages. It contains a preliminary recital of the several steps, showing that the issues were tried by a jury and that a verdict was rendered in favor of the plaintiffs in the sum of $350, and showing the filing of a motion for a new trial, an affidavit for an appeal and the allowance of the appeal. It does not show that a judgment was ever rendered. Neither does it show that a bill of exceptions was ever filed. This appears only from the original bill filed by the respondents. The abstract contains the amended petition, the demurrer, the answer and the testimony of two witnesses: Lester Blades, a witness for the plaintiffs, and W. P. Bair, a witness for the defendants. The abstract does not show that the testimony so set out was contained in the bill of exceptions.

The abstract contains also a bill of sale, dated January 18, 1930, by and between Raymond Hagewood, of Republic, Missouri, and Lester Blades, of Springfield, Missouri.

The witness Bair refers to a "chattel mortgage on the stuff that I sold to Boyd and Hagewood last September, or October one," but the mortgage is not in the abstract.

It sets out "Defendants' Instruction 'B'," but does not say whether it was given or refused.

It sets out also "Plaintiffs' Instruction No. One" and "Plaintiffs' Instruction No. Two," without stating whether they were given or refused.

The abstract contains the motion for a new trial, omitting caption and signatures, but there is nothing to show that it was ever incorporated or called for in the bill of exceptions, and in fact there is nothing to show that, if overruled, there was any exception thereto, which is no longer necessary. In the preliminary statement of the abstract, it is said: "Defendants filed motion for new trial, which motion was by the court afterwards overruled."

It also appears from the original bill of exceptions and the motion to dismiss that, in addition to the two witnesses whose testimony is contained in the abstract, there were nine other witnesses.

From an examination of the amended petition it appears that the plaintiffs sued the defendants for the conversion of certain personal property, and further alleged that it was willfully, wrongfully, maliciously and forcibly taken from the plaintiffs.

The brief does not contain a separate statement of the facts, as the rule requires, but contains a "Statement and Argument" combined.

The authorities cited under "Brief" are cited to sustain the proposition that, where several causes of action are united in the same petition, a verdict must be found and damages assessed upon each count. This point was not raised either by a motion to elect or a motion to strike out one or more of the alleged separate causes of action.

The brief also presents the proposition, whether right or wrong, that the petition is for malicious trespass, and such action requires the destruction of the property and not the mere taking or conversion of the property.

It appears from "Plaintiffs' Instruction No. One" (if given), copied in the abstract, that the court directed a verdict for the plaintiff or plaintiffs, and that the only question it submitted was whether the plaintiff, Clifford Boyd, had any interest in the filling station, and the damages sustained.

It is impossible to tell from the so-called abstract whether the court, in fact, ever rendered a judgment deciding the case, and, if so, whether it was right or wrong in doing so. Even if it be assumed that the court decided the case wrong, there is no bill of exceptions shown in the abstract, and the question chiefly discussed in the brief with reference to the mingling of causes of action, could only be

raised by a motion to elect or to strike out. This question cannot be raised for the first time in the appellate court, as the appellants apparently seek to do in this case.

We can arrive at no other conclusion than that the so-called abstract does not comply with either the statute or the rules of this court and we are, therefore, compelled to dismiss the appeal. The abstract clearly presents nothing for review by this court. In order to consider this case the court would have to overlook the statute, disregard its rules, and shift the burden to the respondents to present an additional abstract, in order that we might know what questions, if any, are presented for our determination. This we cannot do. [See Williams v. Jenkins, 107 S. W. (2d) 938, and list of cases there cited.]

The appeal in the above case should be and is dismissed, for the reasons stated in respondents' motion. *Smith* and *Fulbright, JJ.*, concur.