JAMES W. BROWN, (PLAINTIFF) RESPONDENT, v. EDWARD A. REICHMANN, (DEFENDANT) APPELLANT.—164 S. W. (2d) 201.

St. Louis Court of Appeals. Opinion filed July 7, 1942.

Motion for rehearing overruled September 11, 1942.

*David Langah, Herman Schachter* and *Edward K. Schwartz* for appellant.

*Joseph Boxerman* and *Wm. H. Allen* for respondent.

BENNICK, C.—This is an action by plaintiff, an income tax counselor and auditor, to recover from defendant the amount allegedly due plaintiff, with interest, under a written contract whereby defendant employed plaintiff to present a claim against the United States Government for the refund of income taxes, penalties, and

interest illegally collected from defendant for the years 1926 to 1931, inclusive and agreed to pay plaintiff for his services the sum of 50% of any and all amounts that might be recovered.

Plaintiff alleged in his petition that he had rendered the services required of him under the contract, and had recovered from the United States Government the sum of $3,550.56 that had been illegally collected from defendant by way of income taxes, penalties, and interest for the years 1926 to 1931, inclusive; that there was due him under the contract, as compensation for his services, 50% of such amount, or the sum of $1,775.28; but that defendant had failed and refused to pay him such amount.

Being unable to obtain service upon defendant, plaintiff proceeded by attachment upon the ground that defendant had concealed himself so that the ordinary process of law could not be served upon him. The attachment was sustained by the court, whereupon defendant answered by a general denial coupled with certain specific defenses, all of which were subsequently stricken out on plaintiff's motion.

Thereafter a trial was had upon the merits, at the conclusion of which the court peremptorily instructed the jury to return a verdict in plaintiff's favor for the principal sum of $1,775.28, together with interest at the rate of 6% per annum from February 13, 1939, the date of the institution of the action. Judgment was entered for plaintiff for the aggregate amount of $1,996.34, and defendant has appealed on the whole case, including the judgment sustaining the attachment.

Within ten days after the service of a copy of appellant's abstract upon him, respondent, in obedience to the provisions of Rule 33 of this Court, filed his written objections questioning the sufficiency of the abstract in certain respects, and asking that the appeal be dismissed. Upon the filing of such objections, appellant, instead of asking leave to amend his abstract, elected to stand upon the abstract as already prepared, and filed suggestions in opposition to respondent's objections and motion to dismiss. Thus the matter stood when the case was argued and submitted, with respondent's objections to the abstract and motion to dismiss both taken with the case. Some ten days after the argument and submission of the case, appellant for the first time asked leave to amend his abstract by incorporating a record entry showing that the bill of exceptions had been duly filed and made a part of the record in the case. Such motion is pending undetermined, and is likewise to be acted upon in connection with the disposition of the appeal.

The chief objections urged against the abstract are that it does not recite that the pleadings set out therein were ever filed in the case; that it contains no record entries showing that a motion for a new trial was duly and timely filed or overruled, or that a judgment was rendered and an appeal allowed; and that it fails to identify

a bill of exceptions, or to show that a bill of exceptions was ever filed and made a part of the record in the case.

While satisfactory answers may be found for certain of the above objections, not so as to others of them, which being undeniably well taken, compel the conclusion that the abstract is fatally insufficient for the presentation of so much of the record as is necessarily to be consulted in the disposition of the errors assigned.

Conceding respondent's point that the pleadings are not definitely and specifically identified each by an appropriate record entry immediately preceding it, the abstract, at its very outset, has recitals of the institution of the action and the filing of an answer, so that in considering the sufficiency of the abstract as a whole, the petition subsequently appearing in the further course of the abstract would reasonably be taken as the petition setting forth the plaintiff's cause of action upon which the action was instituted, and the answer subsequently appearing would likewise be reasonably taken as the defendant's answer to the petition. Any other result with respect to this particular feature of the objections would find no proper justification either in law or in fact.

As for the question of the omission of record entries of the rendition of a judgment and the allowance of an appeal, it is quite true that the abstract of record proper is insufficient, at least in the matter of showing the rendition of a judgment. However the short form transcript sent up to this court shows both the judgment and the order granting the appeal; and with it the basis for all proceedings in this court, its recitals concerning the judgment and order allowing the appeal are to be read into the abstract so as to cure whatever might be its insufficiency in such regard. [State ex rel. v. Smith, 172 Mo. 618, 73 S. W. 134; Ray County Savings Bank v. Hutton, 224 Mo. 42, 123 S. W. 47; Sanders v. Ray Printing Co. (Mo. App.), 45 S. W. (2d) 876; Neer v. Neer (Mo. App.), 80 S. W. (2d) 240.]

The remaining objections—that the abstract contains no record entries showing that a motion for a new trial was duly and timely filed, or showing that a bill of exceptions was ever filed and made a part of the record in the case—present problems of far more serious consideration.

While the several recitals appearing at the outset of the abstract disclose that at some time after the hearing on the merits (which terminated in a directed verdict for plaintiff), defendant filed his motions for a new trial and both were overruled, the trouble is that there is no recital that the same were filed within four days after the verdict and during the term at which the trial was had. As a matter of fact, the motion for a new trial upon the attachment feature of the case should have been filed, if at all, after the entry of the order overruling the plea in abatement, and before the trial of the case upon the merits. [Geopfert v. Page (Mo. App.), 24 S. W. (2d)

699.] This neglect, however, would only relate to the question of defendant's waiver of any error in the court's action sustaining the attachment, and would not affect the question of the sufficiency of the abstract to show the actual, even though erroneous, sequence of the record as it was made in the court below.

Inasmuch as the record sent up from the trial court determines the scope of the appellate court's review, it is essential, if the appellate court is to be called upon to review matters of exception, that the record show, in some sufficient manner, that statutory requirements with respect to the filing of a motion for a new trial were complied with. [Angldile Computing Scale Co. v. Carter (Mo. App.), 206 S. W. 231; Walker v. Fritz, 166 Mo. App. 317, 148 S. W. 991.] Even a mere recital that the motion was ''duly'' filed would suffice to show a timely and proper filing in the absence of proof by the respondent that the contrary was the fact (Flack v. Atchison, T. & S. F. Ry. Co., 285 Mo. 28, 224 S. W. 415), but unless there is a record entry showing the timely and proper filing of a motion for a new trial, no matter of exception is open for review, and nothing will be subject to consideration except the record proper. [Walker v. Fritz, *supra*.]

Not only does the record in this case fail to show the due and timely filing of a motion for a new trial at the conclusion of the whole case, but in addition it utterly fails to identify and show the filing of a bill of exceptions.

It is true that the abstract contains what purports to be a bill of exceptions, at the conclusion of which there is the usual order of the trial judge approving the bill of exceptions and directing that it be filed and made a part of the record in the cause. It is firmly established, however, that such a statement in the bill of exceptions cannot prove itself, and that the filing of a bill of exceptions must be shown by an entry in the record proper, or by an appropriate reference to such an entry, or by a statement in the record proper portion of the abstract (as permitted by our Rule 34) that the bill of exceptions was ''duly filed.'' [Gnekow v. Metropolitan Life Insurance Co. (Mo. App.), 108 S. W. (2d) 621.]

It is a fundamental rule of appellate procedure that a bill of exceptions does not become a part of the record until it is made so by an order of the court and is actually filed in pursuance of such order. No such record entry appears in the abstract prepared and filed by appellant in the case at bar, and the abstract is therefore insufficient to permit the review of any matter of exception.

Because of the court's reluctance to dispose of an appeal on a point of appellate procedure, and to facilitate, instead, the disposition of appeals on their merits, this court has heretofore adopted its Rule 33, which provides that if, in any case, the respondent wishes to question the sufficiency of the appellant's abstract of the record, he shall file his objections in writing within ten days after a copy of the

abstract of the record has been served upon him, distinctly specifying the supposed defects and insufficiencies of the abstract. While the rule itself does not expressly so say, the obvious intention (in line with the announced purpose of its adoption) is to afford the appellant an opportunity, if the actual facts will permit, to correct any defects in his abstract either by an amendment or by the filing of a supplemental abstract, subject, of course, to the necessity that the appellant show the existence of good cause for being granted leave to amend, and that the correction be made before the submission of the case and upon terms that will protect the rights of the respondent. [Hemphill v. City of Morehouse, 162 Mo. App. 565, 142 S. W. 817; Redd v. Missouri Pac. R. Co., 122 Mo. App. 93, 98 S. W. 89.]

Statutory provisions and court rules with respect to appellate procedure are not mere arbitrary regulations, but on the contrary are patently designed for the maintenance of an orderly and uniform method by which the identical case tried below shall be brought before the appellate court in such a way as not only to enable the court to obtain an accurate and authentic history of the case in abbreviated form, but also to afford each party to the appeal a fair opportunity to meet the contentions of his adversary. [Redd v. Missouri Pac. R. Co., *supra*.] To this end the court is within its right in endeavoring to make it possible, in the first instance, that cases presented for decision shall not be thrown out of court because of defects in the record that are capable of timely amendment, but if no amendment is made, then the court must of necessity consider the case upon the record as submitted, and even on its own motion take notice of matters which are essential to its jurisdiction and determine the scope of its review. [Hemphill v. City of Morehouse, *supra*.]

In this case there has been no lying in wait by respondent in the hope of securing advantage from the defects in the abstract after it was too late for appellant to amend, but instead he has strictly complied with the requirements of Rule 33 by filing timely objections in writing distinctly specifying the matters of which he complains. With the objections thus filed, it was then incumbent upon appellant, if the insufficiencies in his abstract were in fact capable of correction, to ask leave of court to be permitted to amend his abstract so as to have it contain a correct summary of what had actually transpired in the court below. This he did not do; and the case was thereupon argued and submitted upon the defective abstract to which respondent had properly noted his objections.

It is true, as we have already pointed out, that after submission of the case appellant filed a motion asking leave to amend his abstract by incorporating what would purport to be a record entry of the filing of the bill of exceptions. Such motion, however, comes too late, and cannot be sustained after the argument and submission of the case, and particularly so where the respondent has called

attention to the insufficiency of the abstract, and has gone to the trouble and expense of briefing the case upon that point. [Logan v. Farmers' Mutual Fire Insurance Co. (Mo. App.), 226 S. W. 615.]

Our Rule 15 provides that the abstract shall set forth so much of the record as is necessary to be consulted in the disposition of the errors assigned. In this instance, the assignments of error which would otherwise be points for our consideration all go to matters of exception, which as we have pointed out, are not subject to be reviewed in the absence of a record entry showing the filing of a bill of exceptions. There is no point regarding the sufficiency of the record to sustain the judgment; and inasmuch as the abstract does not contain that part of the record which would necessarily have to be consulted in order to enable us to dispose of the errors assigned, we have no recourse but to dismiss the appeal. [Williams v. Campbell (Mo.), 123 S. W. (2d) 87; Klene v. St. Louis-S. F. Ry. Co., 321 Mo. 162, 9 S. W. (2d) 950; Boyd v. Spickard, 234 Mo. App. 434, 136 S. W. (2d) 448; Jordan v. Chicago & A. R. Co., 92 Mo. App. 81; Lawyers Cooperative Publishing Co. v. Piatt (Mo. App.), 128 S. W. (2d) 1072.]

The Commissioner accordingly recommends that respondent's motion to dismiss be sustained, and that the appeal be dismissed.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. Appellant's motion asking leave to amend appellant's abstract of the record by the addition of certain entries of the record proper is overruled; respondent's motion to dismiss is sustained, and the appeal is, accordingly, dismissed. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.

### ON MOTION FOR REHEARING.

BENNICK, C.—Appellant has filed a motion for rehearing in which he assails the propriety of our action in dismissing his appeal upon the ground that for the want of record entries showing the due and timely filing of motions for a new trial upon both features of his case, and for the further want of a record entry showing the filing of a bill of exceptions, his abstract did not contain so much of the record as was necessary to be consulted in the disposition of the errors assigned and otherwise preserved for our review.

His chief complaint goes to the correctness of the statement in our principal opinion that upon the filing of respondent's objections questioning the sufficiency of the abstract, appellant, instead of effectually confessing the insufficiency of his abstract and asking leave to amend the same, elected to stand upon the abstract as already prepared, and filed suggestions in opposition to respondent's objections and motion to dismiss.

What was said in this connection in our principal opinion was said advisedly, and with full regard for the matters upon which appellant relies and to which he directs our attention in his motion for rehearing.

It was not until the very morning of the argument and submission of the case that appellant first took notice of respondent's objections, when he filed what he denominated as his answer and suggestions in opposition to respondent's objections to the abstract and motion to dismiss the appeal. In the course of such answer he took and insisted upon the position that his abstract was sufficient in all material respects, and that the suggestion that it was insufficient was "merely an erroneous conclusion on the part of respondent's counsel." He specifically contended that respondent was in error in representing that the abstract did not identify any bill of exceptions or show that a bill of exceptions had been filed in the case, and also argued that the matter of the filing of his motions for a new trial was properly recited in the abstract.

It is true, as appellant points out in his motion for rehearing, that at the conclusion of his argument in opposition to respondent's objections he did suggest that in the event this court should conclude that the rules of court had not been followed "to the letter," and that any of respondent's objections were well taken, we should then grant him leave, within a reasonable time, to make such amendments, by supplemental abstract or otherwise, as would meet the needs of the situation. This, however, was not such a request for leave to amend as our Rule 33 contemplates, which, if duly, timely, and unequivocally made, will address itself to the court's discretion as to whether the amendment shall be allowed, assuming, of course, that the facts will so permit, and that the amendment may be made before, and not after, the submission of the case, and upon such terms as will protect the rights of the respondent.

When respondent, in obedience to the requirements of Rule 33, filed his objections questioning the sufficiency of appellant's abstract, it was then incumbent upon appellant to determine for himself whether he should effectually confess the insufficiency of his abstract and ask leave to amend, or whether, on the contrary, he should do as he did, that is, oppose respondent's objections and stand upon his abstract as already prepared and served upon respondent. If he had chosen the former course, and had represented that the abstract was susceptible of amendment, the court would undoubtedly have looked with favor upon his request for leave to amend in view of the announced purpose of Rule 33, which is "to avoid disposing of appeals on points of appellate procedure and mainly the insufficiency of abstracts of record, and to facilitate, instead, the disposition of appeals on their merits." But having opposed respondent's objections and insisted upon the sufficiency of his abstract in the submission

of the case, appellant may not now that the court, by its opinion, has determined the matter against him, claim the right to still amend and have a second submission of the case upon such a corrected abstract as would cure the defects in the original abstract which respondent has suggested and the court has found to exist.

As pointed out in the principal opinion, the purpose of an abstract is to bring before the appellate court in abbreviated form an accurate and authentic history of all the proceedings in the case as they were had in the course of the trial below. The appellant knows, or may readily ascertain, what the record shows with respect to the steps taken in the circuit court, and it is therefore no imposition upon him to be expected to bring up, in the first instance, a correct and sufficient summary of what transpired in the case from the institution of the suit until the perfection of his appeal. Failing in this, he may, if he so requests, be given leave to amend an insufficient abstract before submission of the case, if he indicates that the facts will warrant the amendment, and it may be made upon such terms as will not prejudice the rights of the respondent. In any event, however, the matter of perfecting his appeal and of bringing before the appellate court whatever record may be necessary for the disposition of the errors he assigns is the appellant's own personal responsibility, which he may not evade or shift to the court by standing upon an insufficient record in the expectation that if the court, in its decision of the case, holds against him upon the point, it will nevertheless provide that he may still, at that late stage of the proceeding, take whatever steps may be necessary to bring a proper record before the court.

As a further ground of his motion, appellant insists that even upon a consideration of so much of the record as we have held was properly before us, it was evident, and we should have determined, that the contract sued on was illegal and champterous in certain respects so as to have afforded no basis for respondent's recovery. His position seemingly is that the point was effectively raised by his assignments charging error in the overruling of his demurrer *ore tenus*, and in the court's refusal to direct a verdict in his favor at the close of the entire case. Suffice it to say that all such matters, in their very nature, could only have appeared in a bill of exceptions, and in the absence of a bill of exceptions, were not here for our review.

It follows that appellant's motion for rehearing should be overruled; and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. Appellant's motion for rehearing is, accordingly, overruled. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.