NORA M. BEATTY, APPELLANT, v. ROLAND A. ZEIGEL AND S. H. ELLISON, RESPONDENTS.—167 S. W. (2d) 400.

Kansas City Court of Appeals. December 7, 1942.

*May & May* for appellant.

*Allen Rolston, Earl Fogle, Waldo Edwards, M. D. Campbell* and *E. M. Jayne* for respondents.

No brief for respondents.

CAVE, J.—This is an action for money had and received. A trial was had in the Circuit Court of Schuyler County, resulting in a verdict and judgment for respondents (defendants), and plaintiff has appealed to this court.

We are immediately confronted with a motion to dismiss the appeal because (1) appellant's statement of the case does not comply with our rules; (2) the abstract fails to show the record entry showing the filing of the petition or the answer or the reply; (3) the statement or record that a motion for new trial was filed and that appeal was granted to this court does not appear in the record proper, but is mentioned only in the bill of exceptions; and (4) appellant's statement does not show the place in the record where any of the matters referred to can be found except in two instances where it refers to pages 106 and 263.

It appears that within ten days after the service of the copy of appellant's abstract upon respondents, they, in obedience to the provisions of Rule 15 of this court, filed their written objections and the reasons therefor, questioning the sufficiency of the abstract in certain respects, as above noted, and asking that the appeal be dismissed or judgment affirmed. A copy of such objections and the reasons therefor was served on the appellant on September 25, 1942, and instead

of asking leave to amend her abstract, she elected to stand upon the abstract she already prepared, and on October 4, filed suggestions in opposition to respondents' objections and motion. Thus the matter stood when the case was argued and submitted on October 8th, with respondents' objections to the abstract and motion taken with the case. Then on October 19th, some ten days after the cause had been argued and submitted, appellant, for the first time, asked leave "to file certified copy of the record entries in the Circuit Court of Adair County and the Circuit Court of Schuyler County in the above entitled cause", with such records attached to said motion. Such motion is pending, undetermined, and is likewise to be acted upon in connection with the disposition of the appeal.

Appellant's motion asking leave to file the record entries of the Circuit Courts of Adair and Schuyler Counties, which motion was filed on October 19th, and some ten days after the cause had been argued and submitted, must be overruled. It comes too late. The reasons therefor are fully and ably discussed by the St. Louis Court of Appeals in the case of Brown v. Reichmann, 164 S. W. (2d) 201, and we need not lengthen this opinion to repeat such reasons.

Appellant's abstract of the record begins by reciting: "This suit was instituted in the Circuit Court of Adair County, Missouri, to the October Term, 1940. Change of venue was taken to Schuyler County. The following are the pleadings (omitting captions and signatures):" Then follows the petition, the answer, and the reply. Then we find a record of a trial of cause in the Schuyler County Circuit Court, resulting in a verdict and judgment for plaintiff, and thereafter, defendants' motion for new trial was sustained, and then the record of another trial in said Circuit Court, resulting in a hung jury, which two records have no place in the record proper. Then the record discloses that the trial was had beginning on the 16th day of May, 1942, resulting in a verdict for the defendants and a judgment entered on that verdict. Then immediately follows this: "PLAINTIFF'S BILL OF EXCEPTIONS", in bold, black face type, and then follows some 400 pages of evidence, instructions, motions, etc. The record proper does not show that a motion for new trial was filed and overruled; that an appeal was allowed therefrom to this court, and that the bill of exceptions was presented to, and allowed by, the trial court, and ordered made a part of the record, or in lieu thereof, a statement that bill of exceptions was duly filed. [Rule 26.] At the end of the purported bill of exceptions, it is recited therein that a motion for new trial was filed within four days after the returning of the verdict, the motion is set out in full, and that the court overruled the motion; and that on June 6, 1942, and during the same term of court, and while said court was still in session, appellant filed affidavit for appeal, which was found to be in proper form and appeal granted to this court. The bill of exceptions was signed and approved

by the judge of said court on the 2d day of September, 1942. Then follows this statement: ''The appeal of this cause was duly taken and the bill of exceptions herein were duly filed. The above and foregoing are submitted by appellant as and for her abstract of the record in this case.'' Signed. Attorneys for Appellant.

We will first dispose of the question of whether the record proper must, among other things, show the timely filing of the motion for new trial, the overruling thereof, the granting of an appeal, and that the bill of exceptions was presented to, and allowed by the trial court and ordered made a part of the record, or a statement in record proper that it had been duly filed; or is it sufficient to show such matters in the bill of exceptions when, under our rules, written objections are filed to the abstract of the record, raising the question of such defects within ten days after service of a copy of the abstract.

Among other things, our Rule 15, as adopted April 4, 1932, and being the same as that part of Rule 13 of the Supreme Court, provides ''if in any case any matter which should properly be set forth in the abstract as a part of the record proper shall appear in the abstract as a part of the bill of exceptions, or vice-versa, such matter shall be considered and treated as if set forth in its proper place, and all objections on account thereof shall be deemed waived, *unless the other party shall, within ten days after the service of such abstract upon him, specify such objections* and the reasons therefor in writing and serve the same upon the opposing party or his counsel, and in event such objection be so made, the other party may within eight days from the service of such written objection upon him or his counsel, correct his abstract so as to obviate such objection, if under the facts as shown by the record proper or bill of exceptions in the trial court, such correction can truthfully be made.'' (Italics ours.) Respondents made objections as above required and, as stated above, appellant made no effort to amend or correct the challenged part of the abstract until after the cause was argued and submitted.

Similar perplexing and sometimes unfortunate questions have many times been decided by the appellate courts of this State, and from a rather exhaustive examination of such opinions, it can be said that the following things, among others, must be done in order to properly present to the appellate court an abstract of the record proper which will present questions for consideration on the merits; the abstract of the record proper should show that the bill of exceptions was presented to, and allowed by, the trial court and ordered made a part of the record, or a statement that it was duly filed made; it should also show the timely filing of and the ruling on the motion for new trial, and timely filing of application and allowance of an appeal. The motion for new trial itself should be shown in the bill of exceptions. These are not all the requirements of the record proper, but are the ones directly involved in this case. The necessity for such above

matters to appear in the record proper are fully discussed in the following cases: Burrus v. Hendricks, 289 Mo. 130; Warner v. Howard, 339 Mo. 923, 98 S. W. (2d) 613; Merchants Exchange Bank v. Bankers Life Company, 231 Mo. App. 674, 104 S. W. (2d) 744; Lewis v. Kansas City, 233 Mo. App. 341, 122 S. W. (2d) 852; Bakersfield News v. Ozark County, 338 Mo. 519, 92 S. W. (2d) 603; Williams et al. v. Campbell et al., 123 S. W. (2d) 87; Brown v. Reichmann, *supra*.

In the case of Burrus v. Hendricks, *supra*, the Supreme Court very clearly defines the meaning of its amended rule (ours is the same in this particular), in this manner:

"Prior to the adoption of the above amendment, unless all matters of record proper were shown in the abstract of the record proper, or there was a statement, as authorized by Rule 31, that the appeal was duly taken and the bill of exceptions duly filed, such abstract of record proper was fatally defective, although such matters of record proper may have appeared in the bill of exceptions in the appellant's abstract of the record.

. . . . . . .

"Respondent's learned counsel insist that, under the above amendment to Rule 13, in response to his timely objections in writing, above set forth, it was incumbent upon the appellant to obviate such objections by filing an additional or corrected abstract of and from the record proper, showing the record entries of the filing and overruling of the motion for a new trial, and the signing, allowing and filing of the bill of exceptions.

"We think this is a correct interpretation of said amendment. Said amendment means that if matters of record proper are omitted from the abstract of the record proper, but are shown in the bill of exceptions in appellant's abstract, that will be sufficient, unless the respondent objects, as provided in said amendment, in which case the appellant must file a corrected abstract of and from the record proper, showing the record entries referred to in respondent's objections, as was required before said amendment was adopted. The appellant, in this case, having in her additional abstract only set forth a copy of the judgment, and omitted to insert therein an abstract of and from the record proper, showing the filing and overruling of the motion for new trial, and the signing, allowing and filing of the bill of exceptions, there is nothing before us for consideration, except the pleadings and the judgment . . . ."

This exact principal was recently approved by the Supreme Court in Warner v. Howard, *supra*.

Based upon the above decisions, and there are many others we could cite, we must sustain respondents' motion to dismiss the appeal herein because of the defects in the record proper as above pointed out. Appellant argues that the statement made by her attorneys after the

certificate of the trial judge to the bill of exceptions that "the appeal of this cause was duly taken and the bill of exceptions herein was duly filed", is sufficient. We cannot agree, because such a statement in or at the end of the bill of exceptions does not prove itself and is not sufficient. The case cited by appellant so holds: Gnekow v. Metropolitan Life Insurance Company, 108 S. W. (2d) 621, l. c. 623.

"Respondent insists that there is nothing before this court except the record proper because appellant's abstract of the record does not show by the record proper part thereof that a bill of exceptions was filed herein. It is true appellant's abstract of the record does not set forth or refer to any entry in the record proper showing the filing of the bill of exceptions. The only statement showing that the bill of exceptions was filed is in the concluding part of the bill of exceptions itself.

"The law has been firmly established by many decisions of our Supreme Court and Courts of Appeals that such a statement in the bill of exceptions cannot prove itself, *and that the filing of a bill of exceptions must be shown by an entry in the record proper or by an appropriate reference to such an entry or by a statement in the record proper portion of the abstract that the bill of exceptions was 'duly filed'.*" (Italics ours.)

The last-named method is permissible under Rule 26 of this court.

We are always reluctant to dismiss an appeal without considering the case on the merits, but courts must have certain rules of procedure in order to have orderly and uniform process of disposing of matters which regularly come before them, and while we are willing, and often do, give a liberal construction to our rules, we should not violate them and ignore a long line of appellate decisions of the past construing such rules. Such action would not contribute to fairness in disposing of the rights of litigants.

"Statutory provisions and court rules with respect to appellate procedure are not mere arbitrary regulations, but on the contrary are patently designed for the maintenance of an orderly and uniform method by which the identical case tried below shall be brought before the appellate court in such a way as not only to enable the court to obtain an accurate and authentic history of the case in abbreviated form, bu also to afford each party to the appeal a fair opportunity to meet the contentions of his adversary." [Brown v. Reichmann, *supra.*]

There has been no lying in wait by respondents in the hope of securing advantage from the defects in the abstract after it was too late for appellant to amend, but instead they complied with the requirements of our Rule 15 by filing timely objections in writing, and notifying appellant thereof, and she did not undertake to amend or correct such defects until long after the cause was submitted to this court. It would be unfair to respondents to permit the appellant at this late date to amend the record and reopen the whole case.

We consider it unnecessary to discuss the question of whether appellant's statement in her brief complied with our rules.

For the reasons above given, the appeal must be dismissed under our Rule 18. It is so ordered. All concur.

### OPINION ON MOTION FOR REHEARING.

CAVE, J.—The burden of appellant's complaint in her motion for rehearing is that respondents, being dissatisfied with appellant's abstract of the record, filed an additional abstract and thereby waived any objections or complaint they had or could have had to appellant's abstract. Suffice it to say that we have diligently searched our files and records and do not find anywhere an additional abstract of the record filed by respondents, or any record in this court showing that the same was filed. It may be true, as appellant asserts, that respondents had prepared and served on her attorneys a supplemental abstract, but it was never filed in this court, and therefore was not and is not before us for consideration, and the cases cited and relied on by appellant on the assumption that a supplemental abstract was filed have no application in this case.

Appellant also claims that our opinion is in conflict with the controlling cases of Coleman v. Roberts, 214 Mo. 634, State ex rel. v. Broaddus, 239 Mo. 359, Warner v. Howard, 98 S. W. (2d) 613, and Watson v. Kerr, 287 S. W. 337, to which our attention was not called in her original brief; but an examination of those cases will not support appellant's contention. It seems clear to us from an examination of the opinion of the Supreme Court in Warner v. Howard, *supra*, that the conclusion we have reached herein is inescapable.

The motion for rehearing is overruled. All concur.